

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-17-2002

# McCargo v. Guelich

Precedential or Non-Precedential: Non-Precedential

Docket No. 99-3017

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"McCargo v. Guelich" (2002). *2002 Decisions.* Paper 573.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/573

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

NO. 99-3017


ROBERT McCARGO,
                              Appellant

                    v.

        MICHAEL GUELICH, CO 1;
     JOHN McCULLOUGH, Warden



On Appeal from the United States District Court
     for the Western District of Pennsylvania
           (D.C. Civil No. 97-cv-00175J)
   District Judge:  Hon. D. Brooks Smith, Chief Judge



Submitted Under Third Circuit LAR 34.1(a)
              September 12, 2002

    Before:  SLOVITER and RENDELL, Circuit Judges,
             and McCLURE, District Judge

            (Filed September 17, 2002)



OPINION OF THE COURT

SLOVITER, Circuit Judge.

    Appellant Robert McCargo, a Pennsylvania state prisoner, filed suit pursuant to 42 U.S.C.  1983 against two prison officials, alleging that prison authorities denied him adequate medical and nutritional services.  Both parties agree that the case should be remanded for further proceedings, and we will do so.  Therefore, we set out the procedural background in some detail.
                              I.
                         BACKGROUND
    McCargo is a prisoner who is diabetic.  For his condition, he receives a special diet and twice-daily insulin injections.  McCargo alleges that on various occasions from May through August of 1997, when he was a prisoner at SCI Houtszdale, after he was given his early-morning insulin shots, Appellee Michael Guelich, a prison guard, refused to open McCargo's cell to permit him to get food from the dining facility.  McCargo alleges that on at least forty occasions during this time period, Guelich prevented him from eating either breakfast or lunch.  McCargo filed grievances on May 15, 19, and 31, alleging that Guelich refused him access to his diet meal.  He submitted various written "Inmate's Request to Staff Member" forms on May 22 and 31, to various of McCargo's supervisors and also alleges that he spoke informally with Guelich and other officers about this problem.  On June 6, 1997, after having received no response to his grievances, McCargo wrote to the Central Office Review Committee attaching some of his earlier complaints. He says that he mailed this letter by certified mail and that he received a reply receipt. The receipt for certified mail, however, appears to be dated July 10 and the return receipt

appears to be dated on July 14.

On June 13, 1997, McCargo filed a pro se complaint in the United States District Court for the Western District of Pennsylvania against Guelich and Appellee John McCullough, the warden. His 1983 complaint alleged violations of his Eighth Amendment rights, arguing that the denial of his meals following his insulin shots caused him to suffer low blood-sugar levels and related symptoms and risked life-threatening complications. The case was assigned to a Magistrate Judge. McCargo continued to file grievances that included, inter alia, allegations that Guelich threatened retaliation against him unless he stopped filing grievances and stopped pursuing the lawsuit against Guelich. McCargo alleges that the prison responded to only one of his various written grievances, namely the grievance filed on September 5, 1997. He then withdrew this grievance, allegedly in light of its denial of the complaint and threats of retaliation.

In his federal action, McCargo asked for a temporary restraining order and a preliminary injunction. Guelich opposed the motion for preliminary relief and denied some of the substantive allegations of McCargo's complaint, but did not then assert a failure to exhaust administrative remedies.

The Magistrate Judge held a hearing at the prison on August 18, 1997, on the complaint which is the basis of the instant case. The Magistrate Judge issued a Report and Recommendation acknowledging that McCargo had presented uncontroverted testimony that Guelich had refused to let him out of his cell to receive meals on over forty occasions and that he had experienced "lightheadedness and headaches" as a result, but holding that McCargo was not in danger of irreparable injury. His report, which recommended that McCargo's motion for preliminary relief be denied, was adopted by the District Court.

Guelich moved to dismiss the complaint because, inter alia, McCargo failed to exhaust administrative remedies, but the District Court, adopting the Magistrate Judge's Report and Recommendation, denied the motion because it was "not clear that there is an administrative remedy available for plaintiff's claims" and because of a factual issue about "the extent to which plaintiff ha[d] availed himself of the administrative process." App. at 179.

Thereafter, defendants filed a motion for summary judgment arguing that McCargo did not suffer a constitutionally significant physical injury, and McCargo filed his own motion for summary judgment, attaching affidavits of, inter alia, a nurse experienced in treating diabetes who verified that McCargo had low blood-sugar levels that were dangerous and that failure to eat meals after insulin injections could "cause much pain and stress to the body and brain even to the point of unconsciousness and coma." App. at 284-85. The District Court, adopting the Magistrate Judge's Report and Recommendation which rejected the proffer of testimony from the nurse, granted defendants' motion.

McCargo appealed. We directed the appointment of counsel, scheduled supplemental briefing, and directed the parties to "advise the Court whether prison administrative authorities have issued rulings in response to McCargo's grievances" and "address whether the lack of a timely response to McCargo's grievances affects the exhaustion requirements set forth in 42 U.S.C. 1997(e)(a)." App. at 364.

## II.
## JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 28 U.S.C. 1331 and 1343. This court has jurisdiction pursuant to 28 U.S.C. 1291.

This court exercises plenary review of a district court's grant of summary judgment. Duffy v. Paper Magic Group, Inc., 265 F.3d 163, 167 (3d Cir. 2001).

## III.
## DISCUSSION

Appellees now concede that the nurse's affidavit submitted by McCargo created material issues of fact that made summary judgment improper. They argue that in addition to resolving outstanding factual issues, the District Court should reach the question of whether McCargo satisfied the exhaustion requirement.

McCargo argues that Appellees have waived and forfeited any exhaustion defense and asks us to take judicial notice of the fact that the denial of meals to a diabetic following insulin shots is an injury significant enough to support McCargo's Eighth Amendment claim. Inasmuch as the parties agree that the case should be remanded, we

will comment only briefly on the outstanding issues.

A. Exhaustion

42 U.S.C. 1997e(a) provides that "no action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a) (amended by Pub. L. 104-134, Title I, 101(a), 110 Stat. 1321-71 (1996)). We have recently held that the failure to exhaust administrative remedies pursuant to 1997e(a), as amended by the Prison Reform Litigation Act, is an affirmative defense that must be plead and proved (and may be waived or forfeited) by the defendant. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002).

McCargo argues that Appellees waived any exhaustion requirements because they failed to raise the argument in their first responsive pleading. Guelich's first filing was a opposition to McCargo's motion for preliminary relief which was filed on August 13, 1997. Subsequently, on September 23, 1997, Guelich filed a motion requesting a protective order and a stay of discovery, claiming that he had not been served with McCargo's complaint. On February 11, 1998, Guelich moved to dismiss McCargo's complaint on the ground that McCargo had failed to exhaust his administrative remedies. While, as Appellees note, Ray explicitly did not reach whether the failure to exhaust defense can be the basis for a motion to dismiss, we have not yet decided whether a defendant's failure to raise this defense in his first responsive pleading constitutes a waiver. We have observed, in other contexts, that "failure to raise an affirmative defense by responsive pleading or appropriate motion, however, does not always result in waiver." Charpentier v. Godsil, 937 F.2d 859, 863 (3d Cir. 1991). We have also noted that "[u]nder Fed. R. Civ. P. 15(a), a responsive pleading may be amended at any time by leave of court to include an affirmative defense, and leave shall be freely given when justice so requires. Unless the opposing party will be prejudiced, leave to amend should generally be allowed." Id. at 863-64.

The exhaustion issue encompasses both a legal issue and factual issues, as Appellees raise, apparently for the first time, questions about whether McCargo in fact filed the grievances he claims he did. McCargo argues that he "substantially complied" with the exhaustion requirement. We have recently commented in Ahmed v. Dragovich, 297 F.3d 201 (3d Cir. 2002), on the issue of "substantial compliance," referred to in Nyhuis v. Reno, 204 F.3d 65, 77-78 (3d Cir. 2000). McCargo further argues that, because Appellees do not deny in their brief before this court that they have waived the exhaustion defense, they have conceded that point. Given the factual disputes relating to exhaustion, and in light of this court's intervening decision in Ray, we believe that we should allow the District Court, on remand, to consider the full factual and post-Ray legal issues concerning exhaustion.

B. Expert Testimony and Judicial Notice

If the District Court determines after considering the exhaustion issue that it should proceed to the merits, it will have to decide whether the alleged failure to allow McCargo food after his insulin injections is a constitutional violation because of the seriousness of the harm that can be caused. He also asks this court to take judicial notice, on the basis of various medical treatises and publications of the American Diabetes Association, that denial of meals to a diabetic following insulin shots is serious enough to constitute deliberate indifference to a prisoner's medical needs.

The Magistrate Judge refused to consider the affidavit of the nurse saying that "[n]o court would allow . . . an LPN to testify as a medical expert," but the cases cited by McCargo demonstrate that nurses have sometimes been held qualified to testify as medical experts. The Appellees concede this point as they state that the affidavit of the licensed practical nurse "created a material dispute of fact as to the risk of the alleged denial of diet meals in McCargo's health." Br. of Appellees at 11.

In addition to consideration of the nurse's testimony, McCargo argues that the District Court should have taken judicial notice of some of the facts concerning diabetes, such as the excerpts he quotes from some leading medical texts detailing the risks of hypoglycemia, which can result when a diabetic receiving insulin does not eat at regular times. Although the texts themselves do not include the conclusion that McCargo seeks to derive from them ("denial of meals to a diabetic following . . . insulin shots creates constitutionally significant injury to support an Eighth Amendment claim for deliberate indifference to a prisoner's medical need," Br. of Appellant at 27), portions of McCargo's

medical claims as to various medical facts about hypoglycemia, nutrition, diabetes and insulin treatments may warrant judicial notice under Rule 201 of the Federal Rules of Evidence.  We leave this issue to the District Court.

IV.

CONCLUSION

For the reasons set forth, we will vacate the District Court's order and remand this case to the District Court for further consideration.

_____

TO THE CLERK:

Please file the foregoing opinion.


/s/ Dolores K. Sloviter
Circuit Judge