

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-20-2004

# Bowen v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3285

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Bowen v. USA" (2004). *2004 Decisions.* Paper 485.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/485

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3285

CHARLES BOWEN,
                                        Appellant
                    v.

UNITED STATES OF AMERICA; BARBARA CADOGAN, Health
Administrator, F.C.I. Fairton; DHARAM MADAHAR, M.D., Health
Services Physician, F.C.I. Fairton, F.N.U. Oakafor; FEDERAL BUREAU
OF PRISONS; E. W. MORRIS, WARDEN,
                                        Appellees
                    _____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civ. No. 99-cv-05803 )
District Judge:  Honorable Jerome B. Simandle
                    _____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 15, 2004
Before:  SLOVITER, BARRY and WEIS, Circuit Judges.
(Filed  July 20, 2004)
                    _____

OPINION

WEIS, Circuit Judge.

        Plaintiff filed this suit under § 1983 alleging Eighth Amendment violations

by a number of defendants, most of whom were dismissed by consent.  The surviving

1

claims are actions against Dr. Madahar and Mrs. Barbara Cadogan, health service administrator at F.C.I. Fairton, New Jersey.

In the course of an altercation on the afternoon of December 15, 1997, a fellow inmate stabbed plaintiff in the left eye with a pencil. Dr. Madahar examined plaintiff within five minutes after the injury and could not see any foreign body in the eye. An x-ray was taken and was read as negative. An eye patch was prescribed and plaintiff was kept overnight in the infirmary. On the following morning, he was placed in administrative detention.

Plaintiff continued to complain about pain in his eye. On December 18, 1997, he called to Mrs. Cadogan who was making rounds. She came to his cell and allegedly said, "Bowen? We forgot about you." Mrs. Cadogan arranged to have plaintiff examined that afternoon by an opthamologist who directed that plaintiff be taken to the Wills Eye Hospital in Philadelphia, Pennsylvania.

Plaintiff was admitted to the hospital on December 19, 1997 where a CT-scan revealed a small part of a pencil point in his left eye. He was treated with steroids for several days. Plaintiff asserts that he was told that had he been treated at the hospital sooner, his prognosis would have been better.

Plaintiff filed an administrative remedy form BP-10 on February 23, 1998 with the Northeast Regional Office of the Bureau of Prisons alleging improper medical treatment. He alleged that he used that form rather than a BP-9 addressed to the warden

2

because his request to obtain the latter was denied by the staff. The BP-10 form was returned to plaintiff with instructions to file an administrative remedy request with the warden. Plaintiff did not do so, although he did file several administrative remedy requests to the warden on unrelated issues.

On March 4, 1998, plaintiff was transferred from Fairton to F.C.I. Allenwood. He did not file any administrative remedy requests in connection with the prior medical treatment until November 7, 2001. After an adverse ruling on that request, the plaintiff's appeal was denied as untimely.

In the interim, plaintiff had filed his complaint in the District Court on December 13, 1999. The District Court granted summary judgment to the defendants on June 21, 2002, finding that plaintiff had failed to timely exhaust his administrative remedies. The court noted that plaintiff had failed to offer any evidence to explain the delay in filing his BP-9 form for years after the injury occurred.

We also do not find any satisfactory explanation for the delay between March 1998 and November 2001, a period of more than three years. In this connection, we think it significant that during these years plaintiff filed requests for administrative remedies arising from other grievances, thus demonstrating his familiarity with the procedures. See Ahmad v. Dragovich, 297 F.3d 201 (3d Cir. 2002).

After our review of the record, we conclude that the District Court did not err in dismissing the complaint for failure to comply with the exhaustion of remedies

3

required by 42 U.S.C. § 1997e(a).[1]

Accordingly, the judgment of the District Court will be affirmed.[2]

_____

[1] Although the merits are not before us, we think it appropriate to comment that it is highly unlikely that the medical treatment rendered in this case would constitute a violation of the Eighth Amendment.

[2] At the request of the Court, counsel for plaintiff agreed to take this appeal on a *pro bono* basis. We thank counsel for his services and commend him for the excellent preparation and briefing in this case.