

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-14-2006

# Abreu v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3501

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Abreu v. Comm Social Security" (2006). *2006 Decisions.* Paper 1433.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1433

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3501
_____

ERNESTO ABREU,

Appellant

v.

COMMISSIONER OF
SOCIAL SECURITY

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 03-cv-05886)
District Judge: Honorable Dennis M. Cavanaugh
_____

Submitted Under Third Circuit LAR 34.1(a)
January 26, 2006

Before: MCKEE, FUENTES AND NYGAARD, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed: March 14, 2006)

_____

OPINION
_____

PER CURIAM

In December 2003, Ernesto Abreu filed a civil action in the United States District

Court for the District of New Jersey, seeking review of a decision of the Commissioner of Social Security. Abreu applied for, and the District Court granted him, in forma pauperis status pursuant to 28 U.S.C. § 1915. In April 2005, the District Court issued an order warning Abreu to present proof that he had served the summons and complaint or to appear to show cause why the action should not be dismissed for failure to effect timely service. On May 17, 2005, the District Court held a hearing on the matter. Abreu appeared and explained that he had not served the summons and complaint because he did not have a lawyer or knowledge of the procedural rules. The District Court informed him that he could move for appointment of counsel, provided him with a copy of the relevant procedural rules, and granted him thirty additional days to effect service of process. After the thirty days had passed without service of process, the District Court dismissed Abreu's complaint without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Abreu appeals.

We have jurisdiction under 28 U.S.C. § 1291. The dismissal without prejudice was a final decision, because Abreu would be time-barred from refiling his complaint. See Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2002) (holding that an order dismissing a claim without prejudice is a final and appealable order if the statute of limitations for that claim has expired); 42 U.S.C. § 405(g) (providing a sixty-day limitations period for seeking judicial review of a decision by the Commissioner of Social Security). We review the District Court's decision for abuse of discretion. See Petrucelli

2

v. Bohringer & Ratzinger, 46 F.3d 1298, 1308 (3d Cir. 1995).

We hold that the District Court abused its discretion; accordingly, we will vacate the District Court's order. Rule 4(m) of the Federal Rules of Civil Procedure provides that if a plaintiff does not effect service within 120 days after filing a complaint, the District Court "shall dismiss the action without prejudice . . . or direct that service be effected within a specific time." Fed. R. Civ. P. 4(m). However, under Rule 4(c)(2), the District Court is obligated to appoint a United States marshal or deputy United States marshal to effect service when a plaintiff is permitted to proceed in forma pauperis, as Abreu was. Fed. R. Civ. P. 4(c)(2). It does not appear that any person was appointed to effect service on Abreu's behalf in accordance with Rule 4(c)(2). Therefore, we will vacate the District Court's order dismissing Abreu's complaint. We remand this matter to the District Court for further proceedings consistent with this opinion.