Lillian A. COLEMAN, Appellant

v.

SSI; Office of Hearing and Appeals; Jo Ann B. Barnhart, Commissioner of Social Security.

No. 06–4710.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Due to a Jurisdictional Defect or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Oct. 18, 2007.

Filed: Oct. 30, 2007.

Lillian A. Coleman, Philadelphia, PA, pro se.

Andrew Bishop, Social Security Administration, Philadelphia, PA, for Appellee.

Before: BARRY, CHAGARES and VAN ANTWERPEN, Circuit Judges.

## OPINION

PER CURIAM.

Appellant, Lillian Coleman, appeals *pro se* from the order of the U.S. District Court for the Eastern District of Pennsylvania denying her motion for reconsideration from the dismissal of her complaint against the Commissioner of Social Security (the "Commissioner"). In her complaint, Coleman, who has been receiving supplemental security income ("SSI") for several years, alleges that she is entitled to an additional two years of benefits. For the reasons set forth below, we will summarily affirm the District Court's order. *See* I.O.P. 10.6.

Coleman first filed for SSI due to disability in January 1997. This application was denied. Coleman's next application, however, was granted and she began receiving benefits in January 1999. Believing that she should have been awarded SSI retroactive to October 1995, the month in which she became disabled, Coleman appealed the BIA's ruling to the District Court. The District Court subsequently remanded the case to the BIA, which, in turn, remanded it to an administrative law judge ("ALJ"). Upon review, the ALJ granted Coleman additional benefits retroactive to the month of her first application, January 1997, but not retroactive to the date of her injury, 1995. *See* 20 C.F.R. § 416.335.

Still insisting that she was entitled to benefits retroactive to October 1, 1995, Coleman commenced the present action in the District Court. By order dated May 16, 2006, the District Court granted the Commissioner's motion to dismiss on the ground that benefits cannot be awarded for any month prior to the month in which the claimant filed her first application. *See id.;* 20 C.F.R. §§ 416.310; 416.315 (providing that SSI benefits are not payable for any month before the month in which the applicant files her first application, even if she became disabled prior to that time).

On June 1, 2006, Coleman filed an unspecified motion for reconsideration in the District Court alleging that she had in fact filed applications in 1995 and 1996. As a result, the District Court ordered the Commissioner to conduct another search of her records to ensure that no such applications were received. After conducting an exhaustive search, the Commissioner certified to the Court that there was no record of Coleman filing an application prior to January 1997. Accordingly, the District Court denied Coleman's motion

for reconsideration on October 3, 2006. This appeal followed.[1]

■ We first address the issue of our jurisdiction. Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), Coleman was required to file her notice of appeal within 30 days after entry of the District Court's final order. Here, Coleman did not file a notice of appeal until nearly six months after the District Court dismissed her complaint. Although a motion for reconsideration under Federal Rules of Civil Procedure 59 or 60 will toll the time for filing a notice of appeal if it is filed within 10 days of entry of the order, *see* Fed. R.App. P. 4(a)(4)(A), Coleman did not file her motion for reconsideration until 11 days after the District Court dismissed the complaint. Therefore, we lack jurisdiction to review the District Court's order dismissing the complaint. We do, however, have authority to review the District Court's denial of Coleman's motion for reconsideration. Although Coleman did not specify whether her motion was brought under Federal Rule of Civil Procedure 59(e) or 60(b), we believe the motion may be construed as one filed pursuant to Rule 60(b)(6). *See Ahmed v. Dragovich,* 297 F.3d 201, 209 (3d Cir.2002) (stating that when a motion is "filed outside of the ten days provided for under Rule 59(e) but within the year permitted under Rule 60(b), and the motion may be read to include grounds cognizable under the latter rule, we will consider it to have been filed a Rule 60(b) motion"). We review the District Court's determination under Rule 60(b) for abuse of discretion. *See id.*

■ The District Court correctly denied Coleman's motion for reconsideration. In the motion, Coleman reiterated her argument that she had in fact filed applications for SSI benefits in 1995 and 1996. Despite her insistence, however, the Commissioner verified to the District Court that no such applications are on record. Given that Coleman failed to present the District Court with any evidence to the contrary, the Court properly denied her motion.

Accordingly, as there is no substantial question presented by this appeal, we will summarily affirm. *See* Third Cir. LAR 27.4; I.O.P. 10.6. In light of our disposition, the Commissioner's motion to dismiss is denied as moot.

---

1. The Commissioner has filed a motion to dismiss Coleman's appeal on the ground that the District Court correctly concluded that she was not entitled to benefits retroactive to 1995. We will construe this as a motion for summary affirmance pursuant to Third Circuit LAR 27.4.