

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-2002

# Ahmed v. Dragovich

Precedential or Non-Precedential: Precedential

Docket No. 01-1587

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Ahmed v. Dragovich" (2002). *2002 Decisions.* Paper 336.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/336

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed June 10, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-1587

ALI AHMED (HIRAM MCGILL)

v.

DRAGOVICH, SUPERINTENDENT;
CORRECTIONS SECRETARY HORN;
SROMOVSKI, CORRECTIONS OFFICER;
EICHENBERG, SGT.;
MAHALLY, LT.

Ali Ahmed,
        Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 98-cv-02548)
District Judge: Hon. Anita B. Brody

Argued: December 17, 2001

Before: SLOVITER and McKEE, Circuit Judges and
HAYDEN,* District Judge

(Filed: June 10, 2002)

_____

* Hon. Katharine S. Hayden, United States District Judge for the District
of New Jersey, sitting by designation.

Wendy Beetlestone (Argued)
Schnader, Harrison, Segal & Lewis
Philadelphia, PA 19103

 Attorney for Appellant

Howard G. Hopkirk (Argued)
Office of the Attorney General
 of Pennsylvania
Harrisburg, PA 17120

 Attorney for Appellees

OPINION OF THE COURT

SLOVITER, Circuit Judge.

Ali Ahmed, a former Pennsylvania prison inmate, appeals
the District Court's February 13, 2001 order denying his
motion to amend his complaint against two state prison
officers alleging excessive force. The District Court had

previously dismissed Ahmed's complaint on June 26, 2000 on the ground that he had failed to exhaust administrative remedies prior to commencing suit, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. S 1997e(a) (2001). Although the statute of limitations on Ahmed's claim had expired, the District Court dismissed Ahmed's complaint without prejudice. Because of the expiration of the statute of limitations, the District Court's order was a final and appealable order which Ahmed failed to timely appeal. As will be developed hereafter, we are accordingly without jurisdiction to rule on the issues decided in the June 26 order. We are not under a similar limitation with respect to consideration of the new issues decided in the February 13 order, which Ahmed timely appealed. 1

_____

1. We express our appreciation to counsel for the appellant who was appointed in the District Court to represent Ahmed, who was pro se, and who continued her representation on appeal. Counsel is associated with the law firm of Schnader, Harrison, Segal & Lewis LLP, whose attorneys have consistently volunteered to represent pro se inmates in appeals at the request of this court. See, e.g., Booth v. Churner, 206 F.3d 289, 291 n.1 (3d Cir. 2000), aff 'd, 532 U.S. 731 (2001).

I.

FACTS AND PROCEDURAL POSTURE

According to Ahmed's complaint, filed pursuant to 42 U.S.C. S 1983, Officers Sromovski and Eichenberg assaulted him in his cell on April 3, 1998, while he was incarcerated at the State Correctional Institution at Mahanoy.2 Following this incident, Officer Sromovski filed a prison misconduct charge against Ahmed for assaulting an officer. The misconduct charge was filed pursuant to the Pennsylvania Department of Corrections' Inmate Disciplinary and Restricted Housing Procedures, DC-ADM 801, under which prison officials may charge inmates with violations of prison rules. See, e.g., Ray v. Kertes, 285 F.3d 287, 290 (3d Cir. 2002). Inmates may appeal determinations of culpability through a process of administrative review. Id. at 291.

According to Sromovski, after Ahmed's cell door was accidently opened, Ahmed charged Sromovski, yelling an obscenity. Pending a hearing on the incident, Ahmed was confined to his cell. At the hearing, which took place on April 6, 1998, he was found guilty. Ahmed filed an appeal from that determination to the Program Review Committee on April 7, 1998. On April 9, the Program Review Committee sustained the decision of the hearing examiner on Ahmed's misconduct charge. Ahmed appealed that determination on April 13 to the superintendent, who upheld the charge in a decision dated April 14.

The matter also proceeded through the system within the prison designed to address inmate-initiated grievances. On

April 8, Ahmed filed a claim regarding the April 3 incident pursuant to DC-804, the Consolidated Inmate Grievance Review System. Under the Grievance Review System, prison administrators investigate and attempt to resolve inmate grievances. At the conclusion of an investigation, a grievance officer provides the inmate with an Initial Review

---

2. The facts of this dispute are set forth fully in the District Court's opinion reported as Ahmed v. Sromovski, 103 F. Supp. 2d 838 (E.D. Pa. 2000), and need not be repeated here.

Response, which includes "a brief rationale, summarizing the conclusions and any action taken or recommended to resolve the issues raised in the grievance." DC-ADM 804 VI(B)(4), App. at 150. Inmates may appeal Initial Review Responses through two additional levels of administrative review.

On April 23, 1998, a grievance officer completed an Initial Review Response to Ahmed's April 8 grievance outlining the substance of the officer's interviews and the written reports filed in the matter. According to the grievance officer, "You [Ahmed] stated you had numerous injuries but when seen by Medical no injuries were noted." App. at 266. The officer observed that "[y]our witnesses did little to help you," and concluded "[m]y biggest doubt of your allegations, how do you get punched in the face and pushed against a table and the RN who checked you stated that you have no injuries." App. at 266. Although the grievance officer expressed no clear result in that decision, the clear implication is that he had concluded no further action was warranted. Ahmed did not appeal the Initial Review Response within five days, as required by DC-ADM 804 VI(C)(1), which provides for appeal "within five (5) days from the date of receipt by the inmate of the Initial Review decision. The inmate must appeal in this manner prior to seeking Final Review." App. at 150 (emphasis in original).

On April 14, 1998, before completion of the Initial Review Response, Ahmed received a letter from the Superintendent of Prisons placing Ahmed on "restricted access to the grievance system." App. at 271. Restricted access, which is authorized under DC-ADM 804 V(C), "limited [Ahmed] to filing one grievance per month." App. at 271. This action was taken because prison authorities had determined Ahmed had filed numerous frivolous grievances. According to the Superintendent's letter, Ahmed filed eighteen grievances from June 13, 1997 to April 9, 1998, or 4.4% of all prisoner grievances brought in that time frame. Although Ahmed concedes he often used the grievance procedures and was familiar with the prison's procedures governing grievances, he contends that he was hampered in any appeal of the Initial Review Response because he did

not have a copy in his cell of the handbook containing DC-ADM 804's provisions. Br. of Appellant at 12. Ahmed also argues that he believed the grievance restriction precluded him from filing an appeal in April, although the letter placing him on grievance restriction referred only to the "filing" of grievances. However, he does not contend he was unaware of the relevant provisions nor does he explain why, if he believed he could not file an appeal of the Initial Review in April, he did not attempt to do so in the next month which would have been permitted under the one grievance per month restriction.

In addition to filing his grievance, Ahmed submitted a request on May 22, 1998 to the Schuylkill County District Attorney's office to file a criminal complaint against Sromovski and Eichenberg. The prosecutor's office referred the matter to the Pennsylvania Department of Corrections Office of Professional Responsibility. That office sent the complaint back to S.C.I. Mahanoy, Ahmed's place of incarceration, where the prison authorities prepared a report dated June 26, 1998. According to that report, "Inmate Ahmed's allegations against CO Sromovski are clearly contradicted by the staff reports of the incident." App. at 276. The report concluded that "[b]ased on the reports submitted by the staff involved in the incident and Ahmed's refusal to cooperate with the investigation,. . . no further action is necessary in this case." App. at 276. After reviewing the report, the Pennsylvania Department of Corrections Office of Professional Responsibility "determined the investigation satisfactory." App. at 298.

Ahmed first filed an application to proceed in forma pauperis on a S 1983 complaint against Sromovski, Eichenberg and their supervisors in the United States District Court for the Eastern District of Pennsylvania on May 18, 1998. Although his initial attempts were rejected as deficient, Ahmed eventually complied with the filing and fee requirements, and on July 29, 1998, the District Court granted his motion to proceed in forma pauperis. Ahmed's pro se complaint was filed with the District Court the same day. The complaint alleged that Sromovski and Eichenberg violated his Eighth Amendment rights. The defendants (also referred to collectively as the "Commonwealth"), represented

5

by the state Attorney General, moved on September 14, 1998 to dismiss Ahmed's complaint for failure to allege exhaustion.

Two days later, Ahmed filed an administrative appeal under DC-ADM 804 from the April 23, 1998 Initial Review Response. It is unclear whether Ahmed's appeal was in response to the Commonwealth's motion raising the exhaustion issue. In any event, his appeal was swiftly denied as untimely by the prison superintendent, who observed, "You have five days in which to file your appeal

with this office and it is now five months later." App. at 272. Ahmed immediately appealed that determination to the Chief Hearing Examiner, the final level of review provided for by the DC-804 grievance procedures. That appeal was rejected on the same ground. The District Court denied the defendants' motion to dismiss on January 29, 1999.

A year later, this court decided Nyhuis v. Reno , 204 F.3d 65 (3d Cir. 2000), holding that the exhaustion requirement of the PLRA set forth in 42 U.S.C. S 1997e(a) means "that no action shall be brought in federal court until such administrative remedies as are available have been exhausted." Id. at 78. The Commonwealth then filed a supplemental motion3 for summary judgment in light of Nyhuis addressing Ahmed's failure to exhaust. The District Court, citing Nyhuis, reconsidered its January 29, 1999 order denying the Commonwealth's motion to dismiss and dismissed Ahmed's complaint on June 26, 2000,4 for failure to exhaust administrative remedies prior to filing suit under the PLRA. The court designated that dismissal as without prejudice. Ahmed, 103 F. Supp. 2d at 846.

By then, specifically by April 3, 2000, the statute of limitations on Ahmed's S 1983 claim had expired, as it was more than two years since the incident that is the subject

_____

3. The Commonwealth had previously filed a motion for summary judgment on the merits, which was still pending.

4. The June order was decided on June 26, 2000, filed on June 27, 2000, and entered on June 28, 2000. We refer to it as the June 26 order. It is reported at Ahmed v. Sromovski, 103 F. Supp. 2d 838 (E.D. Pa. 2000).

of Ahmed's complaint. See, e.g., Wilson v. Garcia, 471 U.S. 261, 275 (1985) ("We conclude that [S 1988] is fairly construed as a directive to select, in each State, the one most appropriate statute of limitations for allS 1983 claims."); Knoll v. Springfield Twp. Sch. Dist., 763 F.2d 584 (3d Cir. 1985) (applying, in light of Wilson v. Garcia, two year statute of limitations for S 1983 claims). A short time later, on July 2, 2000, Ahmed was released from prison. He filed a motion on July 31, 2000 for leave to file an amended complaint relating back to the date of the filing of his initial complaint. The District Court summarily denied Ahmed's motion on February 13, 2001. Ahmed filed a notice of appeal from that order on March 5, 2001.

II.

DISCUSSION

A.

Exhaustion

In addressing the merits of the District Court's June 26 order, the Commonwealth argues that the District Court correctly found that Ahmed had failed to exhaust his appeal of his initial grievance before filing his complaint. There is no dispute that Ahmed failed to file an appeal of his April 8, 1998 grievance to the final stages of prison review within the required five days and did not seek to do so until September of 1998, some two months after the District Court permitted him to proceed in forma pauperis on his complaint and five months after his grievance was denied at the initial stage. In Nyhuis, this court, after rejecting a futility exception to the PLRA's exhaustion requirement, applied the PLRA literally. We stated:

> we are not prepared to read the amended language in S 1997e(a) as meaning anything other than what it says – i.e., that no action shall be brought in federal court until such administrative remedies as are available have been exhausted.

Nyhuis, 204 F.3d at 78.

Although Ahmed argues that the PLRA's exhaustion requirement should be interpreted to permit prisoners to exhaust administrative remedies after they have filed a complaint in federal court, the Commonwealth replies that the administrative procedures available within the prison system must be exhausted before the inmate begins the federal suit.5

However plausible we might find the Commonwealth's argument were we free to reach it,6 the Commonwealth has raised a serious challenge to our jurisdiction to do so in its contention that Ahmed failed to file a timely notice of appeal. Because this court has held that failure to exhaust is not a jurisdictional defect, Nyhuis, 204 F.3d at 69 n.4, we cannot consider the exhaustion issue until we first reach the jurisdictional challenge. See Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 94 (1998). Only if we are not persuaded by the Commonwealth's argument that we lack jurisdiction over Ahmed's appeal would we be free to consider the exhaustion issue. We therefore turn to the jurisdiction issue.

B.

Failure to Timely Appeal

The Commonwealth argues that this court lacks jurisdiction over Ahmed's appeal because the District Court's June 26 order dismissing the complaint was a final

_____

5. The exhaustion requirement of the PLRA provides that:

> No action shall be brought with respect to prison conditions under

section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. S 1997e(a).

6. In Nyhuis, we concluded "[T]he. . . rule . . . we believe Congress intended is that inmates first test and exhaust  the administrative process, and then, if dissatisfied, take the time necessary to file a timely federal action." Nyhuis, 204 F.3d at 77 n.12.

order which Ahmed failed to timely appeal. Ahmed responds that the District Court's June 26 order specified that the dismissal was without prejudice. Ordinarily, an order dismissing a complaint without prejudice is not a final order as long as the plaintiff may cure the deficiency and refile the complaint. See, e.g., Welch v. Folsom, 925 F.2d 666, 668 (3d Cir. 1991). On the other hand, if the plaintiff cannot cure the deficiency, an order dismissing a complaint without prejudice is a final and appealable order. Newark Branch, NAACP v. Harrison, N.J., 907 F.2d 1408, 1416 (3d Cir. 1990).

The Commonwealth contends that Ahmed cannot cure the deficiency because a new complaint would be barred by the statute of limitations. This court has stated that although "[t]he principle is well-settled in this circuit that an order dismissing a complaint without prejudice is not a final and appealable order," that principle does not apply where the statute of limitations has run. Id.  at 1416; see also Green v. Humphrey Elevator & Truck Co., 816 F.2d 877, 878 n.4 (3d Cir. 1987) (sustaining appellate jurisdiction over dismissal of complaint based on running of statute of limitations). This is consistent with the position of other courts. See, e.g., Gray v. Fid. Acceptance Corp., 634 F.2d 226, 227 (5th Cir. Unit B Jan. 1981) ("Since the district court's order [denying plaintiffs' timely motion to amend the court's dismissal without prejudice] was handed down after the statute of limitations had run, the dismissal is a final order for purposes of appeal."). Ahmed does not dispute that the statute of limitations on his claim had expired by the time he sought to amend the complaint. Because the statute of limitations on Ahmed's claim expired in April, 2000, the June 26, 2000 order was a final and appealable order notwithstanding its designation as without prejudice.

Under Federal Rule of Appellate Procedure 4, a civil litigant must file a notice of appeal "within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). Ahmed would have had to file a notice of appeal of the District Court's June 26 order by July 28, 2000 or file a timely motion in the District Court for an extension of time. All parties agree that Ahmed did not file

a notice of appeal by July 28, 2000 nor did he seek an extension.

However, Ahmed argues that if he had been given leave to amend, which he proposed in his July 31 motion to amend, the amendments would have related back to the date of the original complaint, thereby enabling the complaint to avoid the bar of the statute of limitations. Federal Rule of Civil Procedure 15 provides that "[a]n amendment of a pleading relates back to the date of the original pleading" under certain circumstances. Fed. R. Civ. P. 15(c). But if the June 26 order was a final judgment, Ahmed could not use Rule 15 to amend the complaint. Although Rule 15 vests the District Court with considerable discretion to permit amendment "freely . . . when justice so requires," Fed. R. Civ. P. 15(a), the liberality of the rule is no longer applicable once judgment has been entered. At that stage, it is Rules 59 and 60 that govern the opening of final judgments. Fed. R. Civ. P. 59-60. As Wright and Miller observe "once a judgment is entered the filing of an amendment [under Rule 15] cannot be allowed until the judgment is set aside or vacated under Rule 59 or Rule 60." 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure, S 1489, at 692-93 (2d ed. 1990). As those authors explain:

> To hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation. Furthermore, the draftsmen of the rules included Rules 59(e) and 60(b) specifically to provide a mechanism for those situations in which relief must be obtained after judgment and the broad amendment policy of Rule 15(a) should not be construed in a manner that would render those provisions meaningless.

Id. at 694 (footnote omitted).

Ahmed argues that he is not subject to Rules 59(e) or 60(b) because there was "no entry of judgment and no final judgment following the District Court's decision to dismiss." Reply Br. of Appellant at 14 n.3. According to Ahmed, "the

10

[D]istrict [C]ourt dismissed the action rather than entering summary judgment. The [District C]ourt did not indicate anywhere in its opinion and order of June 26, 2000 that it was entering judgment." Id. This view of the District Court's June 2000 order is not borne out by the record. The District Court's order provides that: "IT IS ORDERED that: (1) Defendant's supplemental motion for summary judgment . . . is GRANTED." Ahmed v. Sromovski, 103 F. Supp. 2d 838, 846 (E.D. Pa. 2000). Similarly, the docket entry records the June 26 order as "ORDER GRANTING DEFTS' SUPPLEMENTAL MOTION FOR SUMMARY

JUDGMENT," and notes, in an entry made the same day, that the case was closed. It is therefore evident that judgment was entered against Ahmed pursuant to the June 26 order.[7]

Although Ahmed did not file a motion under either Rules 59 or 60, he did file the July 31, 2000 motion to amend the complaint, and the District Court's denial of that motion in its February 13, 2001 order is properly before us. Ahmed does not contend that his motion to amend extended his time to file a notice of appeal. Despite Ahmed's disclaimer of the applicability of Rule 59(e) or Rule 60, we are free to recharacterize the motion to amend to match the substance of the relief requested. See, e.g., In re Burnley, 988 F.2d 1, 2 (4th Cir. 1992) (observing courts have felt free to consider post-judgment motions as Rule 59(e) or Rule 60 motions).

One of the principal commentators on federal procedure has noted that "[m]otions seeking to amend a complaint that are made after a judgment of dismissal have been entered have been construed as Rule 60(b) motions." 12 James Wm. Moore, Moore's Federal Practice, S 60.64, at 60-196 (3d ed. 2002); see also Newark Branch, NAACP , 907 F.2d at 1411 n.5 (treating motion improperly titled as motion for rehearing and reconsideration as motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e)); Odishelidze v. Aetna Life & Cas. Co., 853 F.2d 21, 24 (1st Cir. 1988) (construing motion for reconsideration as motion

---

7. Appellant's contention that the District Court's judgment failed to comply with Rule 58 is without merit as the court's order appears on a separate page from the court's opinion characterized as "Explanation."

11

under Rule 60(b)). Where, as here, the motion is filed outside of the ten days provided for under Rule 59(e) but within the year permitted under Rule 60(b), and the motion may be read to include grounds cognizable under the latter rule, we will consider it to have been filed as a Rule 60(b) motion. See, e.g., Venen v. Sweet, 758 F.2d 117, 122-23 (3d Cir. 1985) (treating "functional equivalent" of Rule 59 motion untimely under that rule as timely motion under Rule 60(b)).

The standard of review for Rule 60(b) motions is abuse of discretion. See, e.g., Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 269 (3d Cir. 2002). When a party requests post-judgment amendment of a pleading, a court will normally conjoin the Rule 60(b) and Rule 15(a) motions to decide them simultaneously, as it "would be a needless formality for the court to grant the motion to reopen the judgment only to deny the motion for leave to amend." 6 Wright et al., Federal Practice & Procedure S 1489, at 695. Therefore, "the fact that the amended pleading offered by the movant will not cure the defects in the original pleading that resulted in the judgment of dismissal may be a valid reason both for denying a motion to amend under Rule 15(a) and for

refusing to reopen the judgment under Rule 60(b)." Id.

We consider next whether any amendment to Ahmed's complaint would be futile. Ahmed's motion to amend his complaint, which the District Court denied by its February 13 order, sought to reflect (1) his untimely appeal of his administrative grievance subsequent to the commencement of this suit, and (2) his release from prison in July 2001.

We turn first to Ahmed's proposed amendment designed to cure the District Court's dismissal because of Ahmed's failure to exhaust his administrative remedies. 8 Ahmed has admitted that he did not file the necessary second step in

---

8. At the time of the District Court opinion, we had not yet articulated our view as to whether the PLRA exhaustion requirement is an affirmative defense. See Ahmed, 103 F. Supp.2d at 842 n.13. Since that time we have held that the PLRA exhaustion requirement is an affirmative defense and a prisoner need neither plead nor prove exhaustion to proceed under the PLRA. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

the administrative grievance process within the time required. Ahmed argues that he substantially complied with the prison's administrative procedure, relying on the language in Nyhuis reflecting "our understanding that compliance with the administrative remedy scheme will be satisfactory if it is substantial." Nyhuis , 204 F.3d at 77-78. Whatever the parameters of "substantial compliance" referred to there, it does not encompass a second-step appeal five months late nor the filing of a suit before administrative exhaustion, however late, has been completed.9 It follows that Ahmed cannot cure the defect in his action by the proffered amendment of the complaint.

Ahmed next argues that he should be permitted to amend his complaint to reflect that he has been released from prison. Therefore, he continues, the PLRA no longer applies to him and he can sue without meeting its exhaustion requirement. Understandably, the District Court did not consider this argument in its June 26 order because Ahmed had not then been released.

The Commonwealth conceded at oral argument that a prisoner who has been released is not precluded by the PLRA from filing a S 1983 suit for incidents concerning prison conditions which occurred prior to his release. This view, which we adopt, follows the language of S 1997e(a), which states: "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.

---

9. See Perez v. Wis. Dep't of Corr., 182 F.3d 532, 534-35 (7th Cir. 1999) (observing "Congress could have written a statute making exhaustion a

precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to suit"); Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001) (holding that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after filing her complaint in federal court). Accord Jackson v. District of Columbia, 254 F.3d 262, 269 (D.C. Cir. 2001); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); Alexander v. Hawk, 159 F.3d 1321, 1328 (11th Cir. 1998); Garrett v. Hawk, 127 F.3d 1263, 1265 (10th Cir. 1997). But see Williams v. Norris, 176 F.3d 1089, 1090 (8th Cir. 1999) (permitting prisoner to continue action where he exhausted "at the time the court ruled").

13

S 1997e(a) (emphasis added). Any other view would also be inconsistent with the spirit of the PLRA, which was designed to deter frivolous litigations by idle prisoners.10 Although Ahmed would have been free of the strictures of the PLRA if he had filed a timely complaint after his release from prison, he is bound by the PLRA because his suit was filed on July 29, 1998, almost three years before he was released from prison. It follows that the proffered amendments would have been futile and the District Court did not abuse its discretion in denying Ahmed's motion to amend.

III.

CONCLUSION

For the reasons set forth, we will affirm the judgment of the District Court.

_____

10. We note that every court of appeals to have considered the issue has held that the PLRA does not apply to actions filed by former prisoners. See, e.g., Harris v. Garner, 216 F.3d 979-80 (11th Cir. 2000) (en banc) (determining PLRA not applicable to complaints filed by former prisoners for complaints regarding prison conditions prior to release, and concluding dismissals should be without prejudice to refiling on release), cert. denied, 532 U.S. 1065 (2001); Page v. Torrey, 201 F.3d 1136, 1139 (9th Cir. 2000); Greig v. Goord, 169 F.3d 165, 167 (2d Cir. 1999), cert. denied, 532 U.S. 1065 (2001); Kerr v. Puckett, 138 F.3d 321, 323 (7th Cir. 1998) (determining PLRA not applicable to suit filed by inmate after he was released on parole); cf., Doe v. Washington County, 150 F.3d 920, 924 (8th Cir. 1998) (determining PLRA not applicable to suit by juvenile for complaint arising out of incident alleged to have occurred while he was held in pretrial detention). Similarly, other courts of appeals have held that other provisions of the PLRA do not apply to former prisoners. See, e.g., Harris, 216 F.3d at 976 (determining PLRA physical injury requirement does not apply to former prisoners); Janes v. Hernandez, 215 F.3d 541, 543 (5th Cir. 2000) (determining PLRA fee limit does not apply to former prisoners), cert. denied, 531 U.S. 1113 (2001); Doe, 150 F.3d at 924 (same). In Abdul-Akbar v. McKelvie , 239 F.3d 307 (3d Cir.) (en banc), cert. denied, 533 U.S. 953 (2001), this court suggested the PLRA exhaustion requirement applies "only if the plaintiff is a prisoner at the time of filing." Id. at 314 (citing Greig, 169 F.3d at 167).

14

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

15