

Opinions of the United
States Court of Appeals
for the Third Circuit

9-25-2007

# Roscoe v. Dobson

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1418

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Roscoe v. Dobson" (2007). *2007 Decisions.* Paper 379.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/379

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-351                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1418
_____

ALFONZO A. ROSCOE,
Appellant

v.

C.O. DOBSON; LT. FELLMAN; LT. LYONS; ASSOCIATE WARDEN MEEKS;
WARDEN TROY WILLIAMSON; KAREN F. HOGSTEN; J. ESPARZA

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 05-cv-02547)
District Judge:  Honorable Yvette Kane

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
August 23, 2007
Before: RENDELL, SMITH AND JORDAN, CIRCUIT JUDGES

(Filed September 25, 2007 )
_____

OPINION
_____

PER CURIAM

Alfonzo Roscoe, a federal prisoner proceeding pro se, appeals from an order of the

United States District Court for the Middle District of Pennsylvania granting summary

judgment in favor of prison employees in his civil rights action because he failed to

exhaust his administrative remedies. We will dismiss Roscoe's appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

In August 2005, Roscoe reported to his work supervisor that Corrections Officer Dobson pushed and shoved him and then threatened to kill him. Roscoe was taken to a lieutenant's office for an interview, and later was placed in the Special Housing Unit (SHU). Roscoe filed a Request for Administrative Remedy concerning the incident. The Warden responded that Roscoe's allegations would be evaluated, but he would not be notified of the results of any investigation. The Warden notified Roscoe that he could appeal to the Regional Director.

Roscoe filed an appeal alleging that he was assaulted and challenging his confinement in the SHU. The Regional Director rejected the appeal because Roscoe did not provide a copy of the institution's response or submit the correct number of continuation pages. Roscoe timely resubmitted his appeal, but the Regional Director denied it, stating that Roscoe's allegations were referred to the proper authority, and that he was not entitled to information about the investigation. And the Regional Director stated that the Warden determined that his release to the general population could be detrimental to the safety, security, and orderly running of the prison, and that he would remain in the SHU pending the investigation. The Regional Director notified Roscoe that he had 30 days to appeal the decision, which was issued on November 30, 2005.

Roscoe timely appealed to the Bureau of Prisons Central Office. On December 14,

2005, the Central Office rejected the appeal because Roscoe provided the wrong form, failed to provide a copy of his administrative remedy request form and the institution's response, and did not submit the correct number of continuation pages. Roscoe was given 15 days to resubmit his appeal. Roscoe resubmitted his appeal, but the Central Office did not receive it until January 27, 2006. On February 8, 2006, the Central Office rejected the appeal as untimely, and advised Roscoe that he could resubmit the appeal with verification from staff that the untimeliness was not his fault.

On March 13, 2006, Roscoe resubmitted the appeal with a letter from staff stating that Roscoe "could have received" his copy of the December 14, 2005, rejection notice on December 27, 2005, two days before the 15-day deadline. But the Central Office again rejected Roscoe's appeal as untimely, noting that staff could not confirm exactly when he received his rejection notice, and concluding that his appeal was late based on the day staff believed he received the notice.

The District Court did not err in granting summary judgment for the prison employees because Roscoe did not properly exhaust his administrative remedies. The Prison Litigation Reform Act prohibits an inmate from bringing a civil rights action until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a). This provision requires proper exhaustion, which demands compliance with an agency's deadlines and other critical procedural rules. Woodford v. Ngo, 126 S. Ct. 2378, 2386-87 (2006). Here, the Bureau of Prison's Central Office found Roscoe's appeal untimely and

3

rejected it.

We have stated that compliance with an administrative remedy scheme will be satisfactory if substantial.  Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir. 2004).  But we also have stated that, whatever the parameters of substantial compliance may be, it does not encompass the filing of a suit before administrative exhaustion has been completed.  See Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002) (holding inmate could not cure defect in action by amending complaint dismissed for failure to exhaust administrative remedies).  Roscoe filed his civil rights action on December 8, 2005, before he appealed to the Central Office.  As noted by the District Court, his complaint was subject to dismissal even if his final administrative appeal was timely because he filed the complaint while he was still in the process of exhausting his administrative remedies.  See Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003) (collecting cases and holding that a complaint must be dismissed if exhaustion was not completed at the time of filing).

Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).