

Villanova University School of Law Digital Repository

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-5-2009

# Cordero Candido v. Karen Hogsten

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2273

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Cordero Candido v. Karen Hogsten" (2009). *2009 Decisions.* Paper 1772.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1772

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2273
_____

CORDERO CANDIDO,
                                        Appellant

v.

KAREN HOGSTEN; J. MARR, Lieutenant; D. BETZER; C. PARKER; F. CIOFFI;
RICHARD GARRISON

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 06-cv-01112)
District Judge:  Honorable James M. Munley

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
MARCH 2, 2009
Before:  FISHER, JORDAN AND VAN ANTWERPEN, Circuit Judges

(Opinion filed: March 5, 2009)
_____

OPINION
_____

PER CURIAM

     Pro se appellant Cordero Candido appeals from the District Court's February 29,

2008 order granting appellees' motions for summary judgment.  We will vacate the

judgment of the District Court and remand for further proceedings.

I.

Candido, a federal prisoner, filed an action under <u>Bivens v. Six Unnamed Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), in the Middle District of Pennsylvania alleging that his constitutional rights were violated when correctional officers at the Federal Correctional Institution in Allenwood assaulted him in his cell on April 9, 2006. Candido alleges that after the assault he could not see well out of his right eye, that he urinated blood, and that he now suffers from anxiety. The appellees filed motions for summary judgment asserting that Candido failed to exhaust his administrative remedies. <u>See</u> 42 U.S.C. § 1997e(a).

In his complaint, Candido averred that there was "no available administrative remedy" because "T. Noone [,] my unit manager, Karen F. Hogsten [,] warden and Scott Dodrill [,] Regional director never responded to my complaint." Candido attached documents to his complaint to support this assertion, including a May 10, 2006 letter to the Warden referencing an administrative appeal that challenged a decision by the Disciplinary Hearing Officer ("DHO") that Candido had refused to obey an order.[1] That

---

[1]    As can be discerned from documents submitted by the defendants/appellees, Candido refused to obey an order to remove a roll of toilet paper from the window sill. This resulted, on April 9th, in prison guards entering Candido's cell, and, Candido alleges, assaulting him. At the resulting disciplinary hearing, Candido alleged that the guards assaulted him. He was nevertheless sanctioned for refusing to obey the order. He appealed the Disciplinary Hearing Officer's ("DHO") decision, claiming, among other things, that the prison staff assaulted him. Regional Director Dodrill denied the appeal and stated that "the DHO advised your allegation that you were assaulted by staff was referred to the proper authority for further investigation." Candido then appealed to the

2

letter also stated that, on April 9th, he submitted a BP-8 form (the first step in exhausting administrative remedies) alleging that he was assaulted. Candido also attached to his complaint a May 22, 2006 letter, entitled "Formal Request," to the Regional Director, recounting the circumstances of the assault and stating that the Warden did not respond to his May 10th letter. Candido's brief opposing the motion to dismiss filed by some of the defendants averred that he was unable to file a BP-9 form (the second step in exhausting administrative remedies) because Noone and Hogsten did not respond to his complaint regarding the April 9th assault. He repeated this claim in a "declaration" filed "under penalty of perjury," and added that Noone refused to provide him with a BP-9 form.

The Magistrate Judge recommended granting the appellees' motions. The District Court agreed and overruled Candido's objections to the Magistrate Judge's recommendations. Although the District Court acknowledged that Candido claimed that prison officials thwarted his attempts to pursue his administrative remedies, the Court did not specifically address this argument prior to concluding that Candido failed to demonstrate that he had exhausted his remedies. Candido appeals.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. McGreevy v. Stroup, 413 F.3d 359, 363 (stating standard of review

Director of the National Inmate Appeals, in the Office of the General Counsel, who denied the appeal on August 10, 2006, finding that the DHO's decision was reasonable.

of an order granting summary judgment).  Summary Judgment is proper when, viewing the evidence in light most favorable to the non-movant, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

The Prison Litigation Reform Act ("PLRA") prohibits an inmate from bringing a civil rights suit, including a Bivens action, alleging specific acts of unconstitutional conduct by prison officials "until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); see Ahmed v. Dragovich, 297 F.3d 201, 209 & n.9 (3d Cir. 2002); Nyhuis v. Reno, 204 F.3d 65, 68 (3d Cir. 2000).  We have held, however, that when prison officials thwart an inmate's attempt to utilize his administrative remedies, those remedies are "unavailable" to the inmate for purposes of exhaustion.  Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002).

In his complaint, which was signed under penalty of perjury, and in nearly every subsequent filing, Candido has averred that prison officials prevented him from exhausting his administrative remedies by not responding to his complaint and by failing to provide him with a BP-9 form.  He substantiates this averment with the letters that he wrote to the Warden and the Regional Officer, as well as a declaration signed under penalty of perjury.

Although he District Court acknowledged Candido's argument that administrative remedies were unavailable to him, it erred by failing to resolve this issue.  See Mitchell v.

4

Horn, 318 F.3d 523, 529 (3d Cir. 2003) ("The District Court incorrectly dismissed this claim because it did not consider [plaintiff's] allegations that he was denied grievance forms."). Accordingly, we will remand for a determination whether the grievance procedure was "available" to Candido within the meaning of 42 U.S.C. § 1997e(a) so that he could administratively exhaust his assault claim. See Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001).

For the reasons explained above, will vacate the District Court's judgment and remand this matter for further proceedings consistent with this opinion.