

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-28-2009

# Joseph Kastaleba v. John Judge

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3607

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Joseph Kastaleba v. John Judge" (2009). *2009 Decisions*. Paper 1464.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1464

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-3607

_____

JOSEPH R. KASTELEBA,
Appellant

v.

JOHN JUDGE; MICHAEL L. GREEN; ALLEN CASTOR; JEFFREY R. IMBODEN;
GARY LUCHT; GERARD N. MASSARO; SEAN RYAN; MICHAEL M. WEBSTER;
LLOYD WHITE; JOHN R. TUTTLE; MARGARET E. THOMPSON;
COMMONWEALTH OF PENNSYLVANIA; COMMONWEALTH OF
PENNSYLVANIA BOARD OF PROBATION AND PAROLE.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 3-05-cv-01739
District Judge: The Honorable Edwin M. Kosik

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 14, 2009

Before: McKEE, SMITH, *Circuit Judges*
and STEARNS, *District Judge*[*]

(Filed: April 28, 2009)

_____

OPINION

_____

_____

[*]The Honorable Richard G. Stearns, District Judge for the United States District Court
for Massachusetts, sitting by designation.

STEARNS, *District Judge.*

On August 3, 2005, appellant Joseph Kasteleba brought a complaint pursuant to 42 U.S.C. § 1983 against appellee John Judge alleging violation of his Fourth and Fourteenth Amendment rights.[1] He timely appeals from the District Court's allowance of summary judgment in Judge's favor.[2] We exercise plenary review over a grant of summary judgment. *Prusky v. ReliaStar Life Ins. Co.*, 532 F.3d 252, 265 (3d Cir. 2008).

In 1982, Kasteleba was sentenced to a three-year term of imprisonment and seven years of probation after pleading guilty to false imprisonment and attempted robbery in Broward County, Florida. While serving his probation, Kasteleba moved to Pennsylvania. Supervision was transferred to the Pennsylvania Board of Probation and Parole ("Board").[3] On February 25, 1985, Kasteleba was arrested for a probation violation after being identified as the person who had assaulted two people (and robbed one of them at gunpoint) in a bar in Plains, Pennsylvania, a week earlier.[4]

The Interstate Compact required Pennsylvania to hold a probable cause hearing on

---

[1] The complaint originally named a number of individual defendants, the Commonwealth of Pennsylvania, and the Pennsylvania Board of Probation and Parole. By agreement of the parties, all defendants were dismissed except for Judge.

[2] We have jurisdiction to hear the appeal under 28 U.S.C. § 1291.

[3] The Board accepted supervision of Kasteleba pursuant to the Interstate Compact for the Supervision of Parolees and Probationers, Act of June 25, 1937, P.L. 2086, No. 415 (codified as amended at 61 Pa. Stat. Ann. §§ 321-323).

[4] Kasteleba was cited by the Board for failing to report a change in employment status, changing employment without authorization, possession of a dangerous weapon, engaging in assaultive conduct, and failing to pay his outstanding public defender fees in Florida.

Kasteleba's alleged probation violations and to forward the findings to Florida for final disposition. The probable cause hearing was held on March 5, 1985. Judge, the parole agent assigned to supervise Kasteleba, testified that he had interviewed the two victims, and that both had identified Kasteleba "with certainty." Although the victims later submitted mistaken identity withdrawal of prosecution forms, Judge stated his belief that they had been intimidated by Kasteleba into doing so.

On the hearing examiner's recommendation, the Board made a written request to the State of Florida to issue a warrant for Kasteleba's extradition. However, the Board did not receive a response, and Kasteleba was released from custody on April 18, 1985. Kasteleba claims that upon his release Judge threatened that he would "get him." The Board eventually terminated Kasteleba's supervision. Judge dictated a final supervision report on December 2, 1985. Judge had no further contact with Kasteleba until this lawsuit was filed.

On April 30, 1985, twelve days after Kasteleba's release, a Broward County, Florida judge issued a warrant for Kasteleba's arrest, presumably in response to the Board's extradition request. In October of 1985, Kasteleba was injured in an automobile accident in Luzerne County, Pennsylvania. While hospitalized, Kasteleba was held under armed guard pending extradition pursuant to the Broward County warrant. When no official from Florida appeared to take custody of Kasteleba, he was again released.[5] Despite having been informed of the outstanding Broward County warrant while in the hospital, Kasteleba never made

---

[5]Kasteleba was not extradited to Florida because, according to Florida probation records, "witnesses stated in trial that D was not the man that assaulted them. He was not guilty."

inquiry of Florida authorities to have the warrant cleared.

Nineteen years later, on April 20, 2004, Kasteleba was stopped in Lee County, Florida, for failing to stop at a stop sign. A routine traffic check uncovered the 1985 Broward County warrant, and Kasteleba was arrested. Kasteleba was released from custody on July 9, 2004, after it was determined that Kasteleba's Florida probation had been terminated in April of 1985.

The District Court ruled that Kasteleba's § 1983 claims were time-barred. We agree with the District Court's well-reasoned opinion. The period of limitations for a § 1983 action is governed by the forum state's statute for personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 276-280 (1985), *superseded by statute on other grounds*, as stated in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377-378 (2004). Thus, in Pennsylvania, the limitations period for a § 1983 action is two years. *See* 42 Pa. Cons. Stat. Ann. § 5524; *see also Ahmed v. Dragovich*, 297 F.3d 201, 206 (3d Cir. 2002).

It is "the standard rule that [accrual occurs] when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (alteration in original) (citations omitted). Here, Kasteleba's cause of action unmistakably accrued in October of 1985, when Kasteleba was held under armed guard awaiting extradition. Kasteleba's arguments that Judge was responsible for the issuance of the Broward County warrant because of personal animus for Kasteleba lends nothing to the analysis. He did not bring suit until August 3, 2005, almost twenty years after he first had a "complete and present cause of action."

4

Substantially for the reasons stated by the District Court, we will affirm the judgment.