Keynen GUIDER, Appellant

v.

DEPARTMENT OF CORRECTIONS; George Patrick, Superintendent; Ms. E. Gaines, D.O.C. Kitchen Worker; Mr. Mauer, D.O.C. Kitchen Supervisor; Mr. Joe Kownoski, D.O.C. Medical Staff, Nurse; Mr. J. Romeo, D.O.C. Doctor; D. Amos.

No. 09–1072.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 June 25, 2009.

Opinion filed July 22, 2009.

Keynen Guider, Labelle, PA, pro se.

Raymond W. Dorian, Esq., Pennsylvania Department of Corrections Office of Chief Counsel, Camp Hill, PA, for Department of Corrections; George Patrick, Superintendent; Ms. E. Gaines, D.O.C. Kitchen Worker; Mr. Mauer, D.O.C. Kitchen Supervisor; Mr. Joe Kownoski, D.O.C. Medical Staff, Nurse; Mr. J. Romeo, D.O.C. Doctor; D. Amos.

Before BARRY, AMBRO and SMITH, Circuit Judges.

OPINION

PER CURIAM.

Keynen Guider appeals from the order of the United States District Court for the Middle District of Pennsylvania denying him leave to amend his complaint after his initial complaint was dismissed. For the reasons that follow, we will summarily affirm the District Court's judgment.

Guider filed his civil rights complaint in January 2007 while an inmate of the Quehanna Boot Camp ("Quehanna") operated by the Pennsylvania Department of Corrections ("DOC"). He alleged that he slipped and fell on a slippery floor while working in the facility's kitchen, causing a back injury. He sought $200,000.00 for

pain and suffering and medical treatment. Guider named as defendants the DOC, DOC/Quehanna employees, and the doctor working at Quehanna but employed by an outside medical service. In April 2007, upon Guider's motion, the District Court dismissed the individually-named DOC employees because Guider indicated his intent to sue only the DOC. Guider then filed a motion to amend the complaint to reinstate the individually-named defendants into the complaint. On July 5, 2007, the District Court granted the DOC's motion to dismiss and denied Guider's motion to amend the complaint. In its memorandum, the District Court agreed with the DOC's arguments, *inter alia*, that the DOC cannot be sued as a "person" under 42 U.S.C. § 1983, that the complaint's allegations of negligence by the kitchen staff were insufficient for a section 1983 action, and that the allegations against the Quehanna nurse were insufficient to state a claim of inadequate medical care in violation of the Eighth Amendment. Further, the District Court determined that amendment of the complaint to add the DOC/Quehanna employees as defendants would be futile, because the theory of *respondeat superior* does not apply in section 1983 actions, and because the allegations did not state an Eighth Amendment medical claim. The proceedings continued against the doctor who worked at Quehanna, the lone remaining defendant. On August 21, 2007, the District Court granted the doctor's motion to dismiss, noting in its memorandum that Guider's allegations against the doctor failed to state an Eighth Amendment claim.

Guider did not appeal. Instead, more than one year later, in November 2008, he filed a motion for leave to file an amended complaint to add additional defendants. On December 4, 2008, the District Court denied Guider's motion for leave to amend, noting that the complaint had been dismissed on August 21, 2007. Guider ap-

peals. He has filed a motion for appointment of counsel and has filed written argument in support of his appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. At the outset, we note that Guider's November 2008 motion for leave to amend under Federal Rule of Civil Procedure 15(a) and 15(c), filed long after entry of final judgment in his case, would more appropriately be characterized as a motion under Federal Rule of Civil Procedure 60(b) for relief from judgment. *See Ahmed v. Dragovich,* 297 F.3d 201, 208 (3d Cir.2002) (*citing* 6 Charles Alan Wright, Arthur A. Miller & Mary Kay Kane, Federal Practice & Procedure, § 1489 (a Rule 15 amendment cannot be allowed after entry of final judgment until the judgment is set aside or vacated under Rule 59 or 60)). It is evident from the record that Guider's motion for leave to amend was filed too late to be considered under Rule 59 (see Rule 59(e), filing within ten days after entry of judgment) or Rule 60(b)(1), (2), or (3) (see Rule 60(c), filing no later than one year after entry of judgment). It is also evident that neither Rule 60(b)(4) (for a void judgment) nor Rule 60(b)(5) (judgment that is satisfied, released, or discharged, or based on a vacated or reversed judgment, or inequity in the prospective application of the judgment) apply here, Guider does not make any arguments to suggest otherwise. As for Rule 60(b)(6) (any other reason justifying relief), we conclude that Guider's motion to amend does not warrant reopening under this rule.

The motion to amend sought to add defendants George Patrick, D. Amos, and E. Gaines. Guider asserted that he was unaware of the proposed defendants' legal responsibilities connected with their DOC/Quehanna employment until after he completed the ninety-day program at Quehanna, and that he was hindered by the

lack of a law library at Quehanna. However, Guider did previously identify these same proposed defendants in his initial complaint and his previous motion to amend the complaint.[1] The proposed amended complaint is based on the same incident of his slip and fall while working in the Quehanna kitchen and the alleged failure of the proposed defendants to provide a safe work environment for inmates. Although Guider now argues that his previous motion to amend was never entertained, he is mistaken. The District Court discussed and denied the previous motion in its July 5, 2007 memorandum and order and explained why amending the complaint to add defendants—including defendants Patrick, Amos, and Gaines—on the basis of Guider's theories of liability was futile. (*See* District Court July 5, 2007 Memorandum at 4–5 and n. 3, 6–7, 2007 WL 2008000.) We note that Guider argues the merits of his motion to amend under Rule 15(a) and Rule 15(c).[2] However, we do not reach the application of Rule 15 in light of our conclusion that Guider cannot satisfy the requirements for reopening the judgment under Rule 60(b). Given that reopening was not warranted, we discern no error in the District Court's denial of Guider's motion to amend.

Because this appeal presents no "substantial question," we will summarily affirm the District Court's decision. *See* Third Circuit LAR 27.4 and I.O.P. 10.6. Guider's motion for appointment of counsel is denied.

---

1. Defendants Patrick and Gaines were named in the original complaint; defendants Patrick and Amos were identified in the prior motion to amend.

2. Rule 15(b) permits post-judgment amendment of a complaint in limited circumstances not present here, and Guider does not argue that Rule 15(b) applies.