*286 OPINION
PER CURIAM.
Pro se appellant Richard Snyder appeals from the order of the United States District Court for the District of Delaware dismissing his complaint. We will affirm.
On November 24, 2008, Snyder filed his complaint in District Court, naming as defendants Carolyn Swanson, personal representative of the estate of George Swanson; Carolyn Swanson; and Robert Swanson. According to the allegations, the matter stems from a frustrated real estate contract, and Snyder has a history of litigation with the defendants in state and federal courts. Snyder sought to have prior state and federal court rulings vacated so that he could proceed on his claims in federal court, and he requested a jury trial. Summons was issued to attorney Walter W. Green, a non-party, and was returned as executed. On March 80, 2009, the District Court ordered Snyder to show cause why the case should not be dismissed for failure to serve under Rule 4(m) of the Federal Rules of Civil Procedure. Snyder filed a response, contending, among other things, that Green and his limited liability company have represented the defendants in other matters relating to his case. Attached to Snyder’s response was a letter from Green dated March 19, 2009, informing Snyder that at no time did he agree to accept service on Carolyn Swanson’s behalf and that the process server did not personally serve Green but instead served a secretary in his office. Nevertheless, Snyder argued that service was proper on Green as the defendants’ agent. Alternatively, Snyder requested limited discovery to establish the facts contained in his process server’s affidavit, or, an additional sixty days to complete service on the defendants’ attorneys.
On June 11, 2009, the District Court rejected Snyder’s contentions and determined that Snyder had not served the defendants properly under Rule 4. Further, the District Court found that Snyder had made no attempts to effect proper service upon receiving Green’s letter or upon receiving the order to show cause. Thus, the District Court concluded that Snyder had not demonstrated good cause for his failure to serve his complaint on the defendants and dismissed the case under Rule 4(m). Snyder filed a timely motion for reconsideration, which the District Court denied by order entered June 30, 2009.
Snyder appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We review the District Court’s order for abuse of discretion. See Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1308 (3d Cir.1995). Under Rule 4(m), the District Court must first determine whether good cause exists for failure to serve. Id. at 1305. If good cause exists, the District Court must extend the time for service. Id. If good cause does not exist, the District Court has discretion either to dismiss the complaint without prejudice or to extend the time for service. Id.
We agree with the District Court that Snyder has not shown good cause for his failure to serve. Snyder’s main argument is that he properly served the defendants by serving Green, contending that *287 Green was authorized to accept service as the defendants’ agent under Rule 4(e). Snyder bases his assertion on Green’s having acted as counsel in prior litigation. There is no showing that Green was expressly “authorized by appointment or by law” as Rule 4(e) contemplates. Rather, Snyder argues that Green’s authority to accept service is implied. We do not credit this argument of implied authority when the record shows that Green himself expressly and unambiguously informed Snyder that he did not agree to accept service. Moreover, from the documents Snyder submitted in support of his response to the District Court’s show cause order, as well as statements made in Snyder’s brief, it is uncontested that the process server did not personally serve Green and instead served a secretary present in Green’s office. Snyder’s arguments regarding the propriety of service delivered to a secretary in Green’s office fares no better. Snyder argued in his response to the show cause order that the process server’s handing the summons and complaint to Green via the secretary — an employee of Green’s, or of Daniels & Green, L.L.C. — constitutes proper service on both Green and the limited liability company of which Green is a member. However, Snyder is not suing Green or the L.L.C.; he is suing the defendants named in the complaint. Thus, it is irrelevant whether service could be deemed proper as to Green or the company. We are unpersuaded by Snyder’s reliance on this set of facts.
For similar reasons, the District Coui't did not abuse its discretion in dismissing the complaint rather than extending the time for service. See MCI Telecommunications Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1098 (3d Cir.1995). As the District Court noted, although Snyder is proceeding pro se, by his own account, he is an experienced litigant. Further, the District Court duly considered that Snyder made no attempt to serve the defendants properly after receiving Green’s letter or after receiving the show cause order. Snyder argues that the District Court failed to consider his request to extend the time for effecting service. In fact, the District Court recognized Snyder’s request for additional time. (See June 3, 2009 Mem. Order at 2.) Moreover, in his response to the show cause order, Snyder emphatically argued that service already was accomplished properly. In seeking an extension of time to comply with Rule 4, Snyder stated his intent “to again serve these attorneys who always have, and continue to, represent defendants.” (Response to Show Cause Order at 6.) Given that Snyder’s request to extend the time to serve the complaint actually evidenced his refusal to effect service on the defendants and his continued pursuit to serve Green, we view dismissing the complaint as an appropriate exercise of the District Court’s discretion.[2] We also discern no error in the District Court’s denial of Snyder’s motion for reconsideration.
We will affirm the District Court’s judgment.

. It appears from Snyder’s complaint that his lawsuit is based on an underlying real estate deal that is the subject of a lawsuit he filed against the defendants in Maryland state court in 2002. Because it also appears that the statute of limitations on his claims has run, we conclude that the District Court's dismissal without prejudice is a final decision. See Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir.2002) (holding that an order dismissing a claim without prejudice is a final ap-pealable order if the statute of limitations for that claim has expired). See also Md.Code § 5-101.

. That Snyder's claim may be time-barred, see supra note 1, does not alter our analysis. The expiration of the statute of limitations does not require a district court to extend the time for service; the court has discretion to dismiss the case even if the refiling of the action is time-barred. See MCI Telecommunications Corp., 71 F.3d at 1098 (citing Petrucelli, 46 F.3d at 1306).