**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2811
_____

WALIYYUDDIN ABDULLAH,
Appellant

v.

THOMAS JEFFERSON UNIVERSITY HOSPITAL; BENJAMIN GOCIAL, DR.;
ALEX HART, DR.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-12-cv-02920)
District Judge:  Honorable J. Curtis Joyner
_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P.
10.6
July 26, 2012
Before:  FUENTES, GREENAWAY, JR., and BARRY, Circuit Judges

(Opinion filed: August 7, 2012)
_____

OPINION
_____

PER CURIAM

        Waliyyuddin Abdullah commenced this action by filing a pro se complaint against

Thomas Jefferson University Hospital and two doctors, claiming that, on October 21,

1982, the defendants administered medical treatment to his newborn son that caused

injuries and led to the child's death three months later. Abdullah sought damages for an alleged violation of 42 U.S.C. § 1981 as well as violations of the First, Seventh, and Fourteenth Amendments. The District Court granted in forma pauperis status and dismissed the complaint sua sponte under 28 U.S.C. §1915(e), finding that the suit was time-barred under the statute of limitations. The District Court also noted that the lack of diversity among the parties precluded jurisdiction over any state-law claims for medical malpractice. Abdullah appeals.

We have jurisdiction under 28 U.S.C. §1291. Our review is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

The District Court correctly concluded that this suit is barred. As explained by the District Court, Abdullah's claims are plainly time-barred under the statute of limitations. See Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382-84 (2004) (holding four-year statute of limitations governs § 1981 claims based on amended version of § 1981; otherwise, most analogous state limitations period governs); Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) (noting Pennsylvania's two-year statute of limitations governs 42 U.S.C. § 1983 claims). Accordingly, because the appeal does not present a substantial question, we will affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.[1]

---

[1] Although we need not reach the issue, Abdullah's complaint indicated that he has filed numerous lawsuits based on the events in question, suggesting that his claims would be precluded even if they were timely.