NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3859 & 13-3860
_____

THE HANOVER INSURANCE COMPANY

v.

URBAN OUTFITTERS INC; U.O.COM, LLC;
URBAN OUTFITTERS WHOLESALE, INC.;
ANTHROPOLOGIE, INC.; ANTHROPOLOGIE.COM, LP;
FREE PEOPLE OF PA, LLC; FREEPEOPLE.COM, LLC,
                                    Appellants in 13-3859
v.

ONEBEACON AMERICA INSURANCE COMPANY,
                                    Appellant  in 13-3860

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 2-12-cv-03961)
District Judge: Honorable Thomas N. O'Neill, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
June 27, 2014
_____

Before: McKEE, *Chief Judge*, FUENTES, and GREENAWAY, JR., *Circuit Judges*.

(Opinion Filed: July 10, 2014)
_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

Urban Outfitters, Inc., UO.com, LLC, Urban Outfitters Wholesale, Inc., Anthropologie, Inc., Anthropologie.com, LP,[1] Free People of PA, LLC, and FreePeople.com, LLC (collectively, "Urban Outfitters") and OneBeacon America Insurance Company ("OneBeacon") seek review of the District Court's order granting Hanover Insurance Company's ("Hanover") motion on the pleadings and entering judgment in favor of Hanover regarding its obligation to insure Urban Outfitters in connection with litigation pending in the District of New Mexico. Hanover filed a motion[2] to dismiss the appeal for lack of jurisdiction. For the reasons that follow, we will grant Hanover's motion and dismiss the appeal.

**Facts and background**

We write primarily for the benefit of the parties and recount only the essential facts.

In 2012, the Navajo Nation sued Urban Outfitters asserting various claims arising from Urban Outfitters' advertising, marketing and sale of products that appeared to be of Navajo or Native American origin; in fact, they were not. The underlying conduct alleged occurred between 2009 and 2012. Hanover provided insurance coverage to Urban Outfitters between 2010 and 2012, while OneBeacon America Insurance Company ("OneBeacon") provided insurance coverage in 2009. Based on their policies, Hanover

---

[1] Anthropologie.com, LLC is the successor-in-interest to Anthropologie.com, LP.

[2] Although Hanover captioned its motion as "Motion of Appellee, The Hanover Insurance Company, to Quash Appeal of Urban Outfitters Defendants," the motion, in substance, is a motion to dismiss the appeal for lack of jurisdiction.

and OneBeacon shared the costs of defense of the underlying litigation.

Hanover sought a declaratory judgment regarding its duty to defend and its duty to indemnify Urban Outfitters. Urban Outfitters filed a third-party complaint against OneBeacon seeking a judgment confirming OneBeacon's duty to defend and duty to indemnify it in the underlying action. The District Court granted Hanover's motion for judgment on the pleadings. Shortly thereafter, Urban Outfitters and OneBeacon entered a stipulation of voluntary dismissal without prejudice, pursuant to Fed. R. Civ. P. 41(c), and both filed notices of appeal seeking review of the District Court's grant of Hanover's motion for judgment on the pleadings.

**Analysis**

"[O]rdinarily we do not have jurisdiction under 28 U.S.C. § 1291 of an appeal from an order partially adjudicating a case when an appellant has asserted a claim in the district court which it has withdrawn or dismissed without prejudice." *Erie Cnty. Retirees Ass'n v. Cnty. of Erie, PA*, 220 F.3d 193, 201 (3d Cir. 2000). Of course, this is not the end of our inquiry. If appellants subsequently withdraw their claims with prejudice, the dismissal becomes final and we have jurisdiction. *Id.* at 201-02; *see also O'Boyle v. Jiffy Lube Int'l, Inc.*, 866 F.2d 88, 92 (3d Cir. 1989). Additionally, if the statute of limitations has run at the time of the voluntary dismissal, we have found that fact renders a dismissal without prejudice final for purposes of our jurisdiction. *Fassett v. Delta Kappa Epsilon (New York)*, 807 F.2d 1150, 1155 (3d Cir. 1986).

Here, Urban Outfitters and OneBeacon have not resolved all of their claims unequivocally. Indeed, the affidavit submitted by counsel indicates that only the claim

regarding OneBeacon's duty to defend Urban Outfitters has been resolved with finality. The question of OneBeacon's duty to indemnify Urban Outfitters remains unresolved. While Urban Outfitters and One Beacon argue that the possibility of reviving this claim at a future date does not impact the finality of the stipulation of dismissal, they cite to no authority supporting this position. Rather, we have concluded that so long as a claim may be reinstated in the future, a dismissal without prejudice is not final. *See, e.g.*, *Tiernan v. Devoe*, 923 F.2d 1024, 1031 (3d Cir. 1991) (until "plaintiffs renounced, through letter briefs, any intention to take further action against the Devoe Defendants[,]" the dismissal without prejudice was not final); *Ahmed v. Dragovich*, 297 F.3d 201, 207 (3d Cir. 2002) ("Ordinarily, an order dismissing a complaint without prejudice is not a final order as long as the plaintiff may cure the deficiency and refile the complaint."). While these cases involved orders of dismissal entered by the district court, the rationale regarding finality, or lack thereof, is equally applicable to a stipulation of dismissal.

## Conclusion

Since the stipulation of dismissal entered by the parties here was without prejudice and one claim between the parties remains unresolved, we conclude that the order is not final and we do not have jurisdiction over this appeal. Hanover's motion will be granted. The appeal will be dismissed.