CLD-070                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3474
_____

RICKY SMITH,
Appellant

v.

DIRECTOR, Federal Bureau of Prisons;
FEDERAL BUREAU OF PRISONS NORTHEAST REGIONAL DIRECTOR;
UNITED STATES PENITENTIARY LEWISBURG ,Religious Department Chaplains;
UNITED STATES PENITENTIARY LEWISBURG, B block unit team manager;
UNITED STATES PENITENTIARY LEWISBURG , B block unit team counselor;
UNITED STATES PENITENTIARY LEWISBURG , Z block case manager;
UNITED STATES PENITENTIARY LEWISBURG , Z block counselor;
UNITED STATES PENITENTIARY LEWISBURG, Z block unit manager;
Warden USP LEWISBURG

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 09-cv-02378)
District Judge:  Honorable William J. Nealon

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 16, 2010

Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed: January 5, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM

Ricky Smith filed a civil rights complaint in the United States District Court for the Middle District of Pennsylvania. Smith appeals from the District Court's order, which granted the defendants' motion to dismiss or, in the alternative, for summary judgment.

Smith, a federal inmate, alleged in his complaint that he practices the Nuwaubian Moor faith. His complaint sought damages and "Injunctive Orders for equal Religious treatment as other [Bureau of Prisons ('BOP')] Inmate[s] relating to Religious Diet and freedom to practice my faith without preju[d]ice treatment from [BOP] staff." Smith sought to have access to vegan meals, cosmetic/hygienic items without animal products, and sought BOP recognition of his religious faith.

Defendants filed a motion to dismiss, or in the alternative, for summary judgment. Defendants argued, inter alia, that the complaint should be dismissed for failure to exhaust administrative remedies. The District Court agreed that Smith had failed to exhaust administrative remedies, and also found that injunctive relief was not warranted. The Court granted Defendants' motion, and stated that "[a]ny appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith."

Smith filed a timely notice of appeal, and was advised that the appeal might be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), or might be subject to summary action. After carefully examining the District Court record, we agree with the District Court that this appeal is frivolous.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting summary judgment. See DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c)(2);[1] Reedy v. Evanson, 615 F.3d 197, 210 (3d Cir. 2010).

Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. See 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 741 (2001). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The Federal Bureau of Prisons ("BOP") has established an administrative remedy procedure through which an inmate can seek formal review of any complaint regarding any aspect of his imprisonment. See 28 C.F.R. §§ 542.10-542.19. In order to exhaust an appeal under the administrative remedy process, an inmate must first present his complaints to prison staff informally. See 28

---

[1] We cite to Rule 56 as it appeared before its December 1, 2010 amendment. The amendment has no effect on this appeal.

3

C.F.R. § 542.13. If unsuccessful, the inmate may file a formal administrative remedy request. See 28 C.F.R. § 542.14. If the inmate is unsatisfied with the response he receives from within the institution, he may file an appeal with the appropriate regional director. See 28 C.F.R. § 542.15. Finally, if the inmate is dissatisfied with the response of the regional director, he may file an appeal with Central Office's general counsel. See 28 C.F.R. § 542.15(a).

Upon careful review of the record, we agree with the District Court that summary judgment was appropriate. In support of their summary judgment motion, the defendants submitted a statement of facts, supported by a declaration from Attorney-Advisor John E. Wallace, an attorney at the Federal Correctional Complex at Allenwood, Pennsylvania, and supported by records showing grievances filed by Smith during the time period in question. Only three of those requests related in any way to the allegations of Smith's complaint, and it does not appear that any of them were appealed beyond the institutional level.[2] In response to the defendants' motion, Smith alleged that he "filed over (3) sensitive '9' and '10' grievances with the Regional and Central Offices notifing [sic] there [sic] department of the misconduct by Lewisburg Staff relating directly to plaintiffs original complaint," and that he "also filed BP-8's on this conduct with the defendants." The record shows that Smith's "sensitive" filings were rejected because they were not

_____

[2] One of the grievances could not be considered in any event, as it was filed only after Smith filed his complaint. See Ahmed v. Dragovich, 297 F.3d 201, 209 & n.9 (3d Cir. 2002) (holding that administrative exhaustion must be completed prior to initiation of suit).

4

"sensitive" and should have been filed first at the institutional level.[3] The record also shows that Smith did file a number of BP-8's (the initial grievance), but the PLRA requires not just initial filing, but proper exhaustion. Because Smith did not exhaust any of his claims, the District Court properly granted summary judgment.

Even if Smith was not aware of the PLRA's exhaustion requirements when he filed his complaint, the defendants' motion informed him of those requirements. In its opinion, the District Court confirmed that Smith had not exhausted administrative remedies, and also informed Smith that because he had failed to fulfill the requirements, any appeal from the Court's decision would be frivolous. We will thus dismiss the appeal as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B).[4]

---

[3] Pursuant to 28 C.F.R. § 542.14(d), an inmate may bypass filing a request at the institutional level, and instead submit the request directly to the appropriate Regional Director if "the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution . . . ."

[4] Because Smith failed to exhaust administrative remedies, the District Court did not need to reach the issue of whether injunctive relief was warranted. However, we note, as did the District Court, that it appears from the record that Smith has already received some of the relief he requested: he has been approved to participate in the mainline component of the religious diet program, and the Religious Issue Committee has found that the Nuwaubian Nation is religious in nature.