CLD-081                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3556
_____

RICKY SMITH,
                                    Appellant

v.

FEDERAL BUREAU OF PRISONS DIRECTOR;
FEDERAL BUREAU OF PRISONS NORTHEAST REGIONAL DIRECTOR;
NORTHEAST REGIONAL MEDICAL DIRECTOR;
USP LEWISBURG WARDEN; USP LEWISBURG ASSISTANT WARDEN;
USP LEWISBURG CAPTAIN; USP LEWISBURG HEALTH
SERVICE ADMINISTRATOR; USP LEWISBURG FOOD SERVICE
ADMINISTRATOR; USP LEWISBURG MEDICAL DOCTORS;
USP LEWISBURG NURSE/PA STAFF; USP LEWISBURG PSYCHOLOGIST;
USP LEWISBURG LIEUTENANTS
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 09-cv-02142)
District Judge:  Honorable William J. Nealon
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 6, 2011

Before:  RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion Filed: January 20, 2011)
_____

OPINION OF THE COURT

PER CURIAM

Ricky Smith, a prisoner confined in the Special Management Unit ("SMU") at the United States Penitentiary in Lewisburg, Pennsylvania, appeals pro se from the District Court's order dismissing his case against various prison officials and employees. For the following reasons, we will summarily affirm.

I.

Smith's pro se complaint, brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleged that he was subjected to unconstitutional treatment in the SMU. Smith claimed, among other things, that he was kept in metal restraints for prolonged periods of time, confined to a cell without a toilet or other hygiene-related necessities, and repeatedly beaten by prison staff and other inmates. He also alleged that he was denied adequate food and medical care and that prison staff retaliated against him for filing grievances.

The defendants who had been served filed a motion to dismiss and for summary judgment arguing, among other things, that Smith failed to exhaust administrative remedies. The District Court agreed that Smith failed to exhaust administrative remedies and granted summary judgment to the defendants.[1] Smith timely appealed.

_____

[1] Prior to ruling on that motion, the District Court had ordered Smith to provide the names and addresses of the defendants who had not been served because they could not be identified, lest Smith's claims against them be dismissed for failure to effect service.

II.

The District Court possessed jurisdiction pursuant to 28 U.S.C. § 1331. Our

jurisdiction arises under 28 U.S.C. § 1291. Our review of an order granting summary

judgment is plenary. Curley v. Klem, 298 F.3d 271, 276 (3d Cir. 2002). Summary

judgment is appropriate "if the pleadings, the discovery and disclosure materials on file,

and any affidavits show that there is no genuine issue as to any material fact and that the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). We must

"view all evidence and draw all inferences in the light most favorable to the non-moving

party . . . ." Startzell v. City of Phila., 533 F.3d 183, 192 (3d Cir. 2008). We may

summarily affirm if no substantial question is presented by the appeal. See 3d Cir. LAR

27.4; 3d Cir. IOP 10.6.

A prisoner may not bring a lawsuit based upon unconstitutional prison conditions

unless he first exhausts available administrative remedies. See 42 U.S.C. § 1997e(a); see

also Nyhuis v. Reno, 204 F.3d 65, 68 (3d Cir. 2000) ("[Section] 1997e(a) applies equally

to § 1983 actions and to Bivens actions."). Claims that have not been properly exhausted

are procedurally defaulted. Spruill v. Gillis, 372 F.3d 218, 222 (3d Cir. 2004). "[T]he

determination whether a prisoner has 'properly' exhausted a claim (for procedural default

Smith failed to provide that information in the time frame allotted by the District Court. Since the District Court closed Smith's case after granting summary judgment, we will construe its action as dismissing without prejudice Smith's claims against the unidentified defendants for failure to effect service within the requisite time period, and will summarily affirm that ruling. See Fed. R. Civ. P. 4(m).

3

purposes) is made by evaluating the prisoner's compliance with the prison's administrative regulations governing inmate grievances, and the waiver, if any, of such regulations by prison officials." Id.; see also Woodford v. Ngo, 548 U.S. 81, 90-91 (2006). Exhaustion must be completed before a prisoner files suit, Ahmed v. Dragovich, 297 F.3d 201, 209 & n.9 (3d Cir. 2002), and is not subject to a "futility exception." Nyhuis, 204 F.3d at 71.

The Bureau of Prisons ("BOP") has a three-level administrative process through which an inmate can address issues concerning the conditions of his confinement. See 28 C.F.R. § 542.10. In most cases, an inmate must attempt to informally resolve an issue with prison staff prior to filing a formal grievance. § 542.13. Thereafter, an inmate begins the grievance process by submitting a request for an administrative remedy, on the appropriate form, to the warden. § 542.14. If the inmate is dissatisfied with the warden's response, he may appeal to the appropriate regional director, using the proper form, within 20 days of the date the warden signed the response. § 542.15(a). The inmate may then appeal to the BOP's Central Office. Id. "If the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit the Request directly to the appropriate Regional Director." § 542.14(d)(1). Should the regional director disagree with the inmate's assessment of the issue as sensitive, the inmate will be so notified and may restart the grievance process by filing a request for an administrative

4

remedy with the warden.  Id.

In support of their motion for summary judgment, the defendants submitted a record of the administrative grievances filed by Smith during the relevant time period identified by the complaint and a corresponding affidavit of a supervisory attorney at USP-Lewisburg.  The record reflects that, from the time he was brought to Lewisburg through the date that he filed his complaint, Smith submitted nine grievances.[2]  Three of those grievances were filed at the regional level or with the BOP's central office as "sensitive," but were rejected because officials disagreed with Smith's characterization of the grievance.  There is no indication that Smith thereafter properly refiled those grievances with the warden, even though he was permitted to do so by regulations.  Three other grievances were rejected because Smith failed to use the proper form and, although Smith was advised which form to use and invited to resubmit his grievance, there is no indication that he did so.   In fact, the record reveals that Smith exhausted only one grievance concerning a challenge to his placement in the SMU – an issue that was not raised in Smith's complaint even under the most liberal reading – and that the grievance was not properly exhausted until after Smith filed his complaint.

Indeed, Smith acknowledged in his complaint that he had not exhausted

---

[2] The complaint purports to seek redress for constitutional violations occurring between March 25, 2009, through the date the complaint was filed, November 3, 2009. However, since Smith was not incarcerated at USP-Lewisburg until April 21, 2009, he cannot recover against Lewisburg staff for any infractions that occurred at another institution.

administrative remedies. He suggests that Lewisburg staff precluded him from doing so by "tak[ing] all [of his] legal paper/documents and administrative remedy documentation out of [his] cell [and] intentionally loosing [sic] them or destroying them." (Compl. 8.) When prison staff precludes an inmate from utilizing the institution's administrative remedies, those remedies cannot be considered "available" for exhaustion purposes. See Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003); see also Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002). Here, however, the record establishes that Smith filed numerous grievances, militating against a conclusion that he was precluded from utilizing the administrative process. The vague, unsubstantiated allegations in Smith's complaint cannot overcome that conclusion. See Pa. Prison Soc'y v. Cortes, 508 F.3d 156, 161 (3d Cir. 2007).

Since the record establishes that Smith failed to exhaust administrative remedies, his appeal raises no substantial question and we will summarily affirm.[3]

---

[3] After granting summary judgment to the defendants, the District Court denied Smith's motions seeking temporary restraining orders and preliminary injunctive relief due to Smith's inability to prevail on the merits of his claims. The District Court also denied Smith's motions to change venue, appoint counsel, compel discovery, and consolidate the case with another that he filed. We will affirm the denial of all of those motions.