GLD-328                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1933
_____

DAVID STRICKENGLOSS,
Appellant

v.

STATE CORRECTION INSTITUTION AT MERCER; DOCTOR MORGAN; P.A.
HORNEMAN; THE MEDICAL DEPARTMENT AT SCI MERCER
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:12-cv-00361)
District Judge:  Honorable Cathy Bissoon
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 11, 2013
Before:  FUENTES, FISHER and VANASKIE, Circuit Judges

(Opinion filed: July 19, 2013)
_____

OPINION
_____

PER CURIAM

David Strickengloss, a prisoner formerly incarcerated at the State Correctional

Institution at Mercer ("SCI-Mercer") in Pennsylvania, appeals pro se the District Court's

entry of summary judgment in a civil rights action brought under 42 U.S.C. § 1983. For the reasons that follow, we will summarily affirm. See LAR 27.4; I.O.P. 10.6.

In his complaint, Strickengloss alleged that the defendants were deliberately indifferent to a serious medical need in violation of the Eighth Amendment. Strickengloss alleged that a fall on February 26, 2012 caused a serious injury to his back and knee, and that the defendants' treatment, or lack of treatment, constituted a constitutional violation. The defendants raised the affirmative defense of failure to exhaust administrative remedies, and the District court granted summary judgment in their favor on that basis.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo an award of summary judgment, "applying the same test that the District Court should have applied and viewing the facts in the light most favorable to the nonmoving party." Schneyder v. Smith, 653 F.3d 313, 318 (3d Cir. 2011). A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Under the Prison Litigation Reform Act (PLRA), a prisoner is required to exhaust his administrative remedies prior to filing suit under § 1983. See 42 U.S.C. § 1997e(a); Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002). Proper exhaustion of administrative remedies prior to bringing suit is mandatory. See Booth v. Churner, 532 U.S. 731, 740-41 (2001); Woodford v. Ngo, 548 U.S. 81, 84-85 (2006).

Pennsylvania Department of Corrections Policy Statement No. DC-ADM 804-1 sets out the administrative grievance process for state correctional facilities. It includes

2

three levels: an initial, formal grievance; an appeal to the superintendent; and a final level appeal to the Secretary's Office of Inmate Grievances and Appeals (SOIGA). See Ahmed v. Dragovich, 297 F.3d 201, 203-04 (3d Cir. 2002) (discussing Pennsylvania's prison grievance system). The undisputed factual record indicates that Strickengloss did not present his claim at each level prior to filing suit.

Strickengloss filed an administrative grievance which was denied on March 2, 2012. Strickengloss alleged that he filed a timely appeal to the superintendent on March 7, 2012.[1] Assuming that he did, Strickengloss had 15 days from the date of the superintendent's response to file an appeal to SOIGA. Strickengloss filed the instant action on March 20, 2012. Strickengloss claimed he never received a response from the superintendent, and so he filed an appeal to SOIGA some eight months later, well after commencing this action. Assuming that all of Strickengloss's allegations are true, by his own admission he did not properly exhaust administrative remedies *prior* to filing suit. See, e.g., Jones v. Bock, 549 U.S 199, 204 (2007). Assuming, as Strickengloss alleged, that the prison never responded to his appeal to the superintendent, he could not have

[1]In an appendix in support of his response to the defendants' motions to dismiss, Strickengloss attached a document purporting to be a timely filed appeal of his grievance, dated March 5, 2012. Strickengloss attached a different document purporting to be a timely filed appeal to the superintendent in his 102-pages of objections to the Magistrate Judge's report and recommendation. The second purported appeal is dated March 7, 2012, but has a stamp reading August 21, 2012. The document itself alleged that he attempted to mail another appeal to the superintendent on March 2 or 3. We note that Strickengloss's original form complaint, dated March 20, 2012, specifically asks prisoners what steps were taken to appeal an administrative grievance, and Strickengloss made no mention of any administrative appeal on March 3, 5, *or* 7. The defendants first raised the issue of failure to properly exhaust in motions to dismiss filed on July 9 and 10 of 2012, and the defendants alleged that no appeal to the superintendent was filed.

known there would be no response by the time he filed this action. As the Supreme Court has noted, the PLRA demands that a prisoner exhaust his administrative remedies before filing suit. See id. Strickengloss did not do so. He therefore procedurally defaulted his claim. See Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004).

Finding no substantial question to be presented by this appeal, we will summarily affirm the judgment of the District Court. Strickengloss's motion for appointment of counsel is denied.