NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 12-4408
_____

MARINA BALYAN,
                    Appellant

v.

AMANDA BALDWIN; JANE DOES 1-10,
being fictitious persons unknown at this time;
ABC COMPANY 1-10, being fictitious entities
unknown at this time


_____


Appeal from the United States District Court
For the District of New Jersey
(Civ. No. 2-11-cv-04530)
District Judge: Honorable Stanley R. Chesler
_____

Argued March 5, 2014

Before: McKEE, *Chief Judge*, AMBRO and JORDAN, *Circuit Judges*

(Filed: May 7, 2014)

Steven P. Haddad (argued)
510 Thornall Street, Suite 270
Edison, New Jersey 08837
          *Counsel for Appellant*

Robert M. Kaplan (argued)
Margolis Edelstein
100 Century Parkway, Suite 200
Mount Laurel, New Jersey 08054
          *Counsel for Appellee*

_____

OPINION
_____

McKEE, *Chief Judge*.

Marina Balyan appeals the District Court's denial of her Federal Rule of Civil Procedure 60(b) motion to reinstate her complaint. For the reasons that follow, we vacate the District Court's judgment and remand for further proceedings consistent with this opinion.

We write solely for the parties and will therefore recount only those facts that are essential to our disposition.

We review the denial of a Rule 60(b) motion for abuse of discretion. *Ahmed v. Dragovich*, 297 F.3d 201, 209 (3d Cir. 2002). A district court abuses its discretion when its decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *Morris v. Horn*, 187 F.3d 333, 341 (3d Cir. 1999).

Balyan argues that the District Court should have granted her Rule 60(b) motion because her attorney's actions in failing to prosecute her case inequitably falls on [her] shoulders directly' because the statute of limitations on her claims have since expired. (Appellant's Opening Brief at 6.) Rule 60(b) provides in pertinent part that a district court may relieve a party from a final judgment because of: "(1) mistake, inadvertence, surprise, or excusable neglect; [or] . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). When considering a Rule 60(b)(1) motion claiming excusable neglect, the

2

district court must consider "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *In re Cendant Corp. PRIDES Litig.*, 235 F.3d 176, 182 (3d Cir. 2000) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). We have imposed a "duty of explanation" on district courts examining a Rule 60(b)(1) excusable neglect motion, meaning they must "entertain[] an analysis of the [*Pioneer*] factors." *Id.*

Here, the District Court on remand should explicitly analyze the *Pioneer* factors in light of the facts of this case. Specifically, the District Court should consider the fact that the statute of limitations has expired on Balyan's claims. In fact, the order dismissing Balyan's claims was "without prejudice" Moreover, the order further stated that Baylan's recourse was to "re-file the Complaint as a new case, subject to the requirements of the relevant statute of limitations." *Balyan v. Baldwin*, No. 11-4530 (SRC) (D.N.J. July 26, 2012).

A dismissal without prejudice effectively precludes a plaintiff from refiling suit if any relevant statutes of limitations have expired after filing the original suit. *See Hritz v. Woma Corp*., 732 F.2d 1178, 1182 (3d Cir. 1984) (noting that plaintiffs' "gravest prejudice" is "having their claim barred completely by the statute of limitations").

Even though the District Court was silent as to whether it understood that it was effectively dismissing Balyan's claims *with* prejudice, the text of the order certainly

3

suggests that the court was unaware that it was dismissing with prejudice because of the futility of refilling.

Accordingly, the most appropriate resolution of this appeal is a remand to allow the District Court to analyze all of the *Pioneer* factors.

For the reasons set forth above, we vacate the District Court's judgment and remand for further proceedings consistent with this opinion.