**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1926
_____

GERALD BUSH,
                            Appellant

v.

MERCY HOSPITAL; (CTT) COMMUNITY TREATMENT TEAM; STEVEN ESIEN,
Psychiatrist; NATHAN ALEN, APT, Therapist
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2-14-cv-05305)
District Judge:  Honorable C. Darnell Jones, II
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 25, 2015

Before: GREENAWAY, JR., SCIRICA and RENDELL, Circuit Judges

(Opinion filed:  September 2, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Gerald Bush, proceeding pro se, appeals an order of the United States District Court for the Eastern District of Pennsylvania denying a post-judgment motion to file a second amended complaint. For the reasons that follow, we will affirm.

In 2014, Gerald Bush ("Gerald") filed a civil rights action against Mercy Hospital, Community Treatment Team, Psychiatrist Steven Esien, and Therapist Nathan Alen. Gerald alleged in his complaint that doctors at Mercy Hospital knew that his brother, Gregory Bush ("Gregory"), was dangerous but would not commit him to the hospital. Gerald averred that Mercy Hospital and Community Treatment Team wrongfully discharged Gregory and that Gregory then set fire to Gerald's home. He sought damages for violations of his due process rights.

The District Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief because the complaint did not establish that the defendants were state actors for purposes of 42 U.S.C. § 1983. The District Court also dismissed any state law claims. The dismissal was without prejudice to Gerald's filing an amended complaint in District Court or a complaint in state court.

Gerald filed a response, which was construed as an amended complaint. Gerald alleged, among other things, that Gregory has a mental health condition, that he was in the defendants' care, and that the defendants are state actors based upon their contracts with the Commonwealth of Pennsylvania to provide medical services to indigent persons. Gerald claimed that the defendants violated state law and their duty to protect him.

The District Court assumed that the defendants are state actors for purposes of

2

§ 1983, but again concluded that Gerald failed to state a claim for relief. The District Court explained that the failure to protect an individual against private violence is not a substantive due process violation. The District Court also held that certain exceptions to this rule did not apply. The District Court ruled that further amendment of the complaint would be futile. On October 6, 2014, the District Court dismissed Gerald's federal claims with prejudice and his state law claims without prejudice to refiling in state court. On March 26, 2015, we affirmed. See C.A. No. 14-4154.

On March 30, 2015, Gerald filed a document in District Court that may be construed as a motion to file a second amended complaint. In support of his due process claim, Gerald alleged that the defendants had administered dangerous medication to Gregory without warning of the side effects. Gerald also sought to raise a claim that the defendants violated the Federal Nursing Home Reform Amendments, 42 U.S.C. § 1396r ("FNHRA"). Gerald's filing was apparently prompted by our decision in his prior appeal, in which we noted that these assertions had not been raised below.

The District Court denied Gerald's motion in light of our order affirming its decision to dismiss his complaint and to deny leave to amend his federal claims as futile. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's decision for abuse of discretion. Jang v. Boston Scientific Scimed, Inc., 729 F.3d 357, 367 (3d Cir. 2013).

We find no error in the District Court's denial of Gerald's motion to file a second amended complaint. As a preliminary matter, because Gerald sought to file an amended

3

complaint post-judgment, he was required to file a motion for relief pursuant to Federal Rule of Civil Procedure 60(b). <u>Jang</u>, 729 F.3d at 367-68. Even if Gerald's motion is construed as a Rule 60(b) motion, <u>see</u> <u>Ahmed v. Dragovich</u>, 297 F.3d 201, 208 (3d Cir. 2002), no relief is due. Not only did Gerald fail to argue in his earlier appeal that the District Court erred in denying him leave to amend, but amendment of the complaint also would be futile. <u>See</u> <u>id.</u> at 209. As noted in our prior decision, Gerald's allegations that the defendants failed to warn him of the side effects of medication are insufficient to state a plausible substantive due process claim. Gerald also does not state a claim based on the FNHRA. Although we have held that the FNHRA confers rights that can be enforced through § 1983, <u>Grammer v. John J. Kane Reg'l Ctrs.</u>, 570 F.3d 520, 525 (3d Cir. 2009), Gerald has not alleged facts demonstrating that the statute is applicable.

Accordingly, we will affirm the judgment of the District Court.

4