**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3976
_____

DEREK A. CAPOZZI,

Appellant

v.

PIGOS, MD; MARC HOLBROOK, MD; MICHAEL J. GROWSE, MD;
COLL, MD; VARIOUS OTHER (UNKNOWN) B.O.P. EMPLOYEES;
UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-11-cv-01628)
District Judge:  Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 3, 2015

Before:  FUENTES, SHWARTZ and ROTH, Circuit Judges

(Opinion filed: February 22, 2016)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Derek Capozzi appeals the District Court's orders granting summary judgment to the defendants and denying his request for leave to supplement his complaint. For the reasons detailed below, we will affirm in part, vacate in part, and remand.

Capozzi, a federal inmate serving a lengthy sentence, filed a <u>Bivens</u> action against numerous defendants in 2011. As pertinent here, Capozzi claimed that the defendants provided him with inadequate medical treatment. Capozzi was initially injured in March 2008 when a fellow prisoner stabbed him several times in the neck and chest. Doctors performed surgery, but Capozzi claimed that he continued to experience chest pain. In June 2009, he underwent an echocardiogram, and was diagnosed with having a fistula from his proximal ascending aorta to his right ventricle — which he refers to as a hole in his heart. Since then, Capozzi has repeatedly requested surgical intervention, but his doctors, while providing him with various types of treatment, have declined to order surgery. Capozzi contends that the doctors' failure to perform surgery constitutes cruel and unusual punishment in violation of the Eighth Amendment.

In July 2012, Capozzi sought to supplement his complaint to add a claim of retaliation. He alleged that in June 2012, he was temporarily transferred to the Fayette County (Kentucky) Detention Center to stand trial for charges relating to his April 2010 escape from prison. Fayette County is a state facility with very restrictive conditions and

2

limited medical resources. Capozzi had sought to be placed in FMC-Lexington, the facility where he had been held from April 2010 until July 2011, but was refused. Capozzi alleged that officials from FMC-Lexington prevented him from being held there in retaliation for his naming them as defendants in his initial Bivens complaint.

The District Court denied all relief to Capozzi. First, the Court denied Capozzi's request to supplement his complaint, holding that adding the retaliation claim would be futile because Capozzi had not exhausted his administrative remedies with respect to that claim. Subsequently, the Court, adopting in part a Magistrate Judge's report and recommendation, granted summary judgment to the defendants on Capozzi's Eighth Amendment claim. The Court held that, while Capozzi clearly disagreed with the defendants' medical decisions, he could not show that they had been deliberately indifferent to his medical needs. Capozzi filed a timely notice of appeal to this Court.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. See generally Gen. Ceramics Inc. v. Firemen's Fund Ins. Cos., 66 F.3d 647, 651 (3d Cir. 1995). We exercise a plenary standard of review as to the summary-judgment order, State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009), and review the order denying leave to supplement for abuse of discretion, see Owens-Ill., Inc. v. Lake Shore Land Co., 610 F.2d 1185, 1189 (3d Cir. 1979).

---

[1] In his initial complaint, Capozzi included a number of additional claims, but he voluntarily dismissed those claims and has stated in his brief that they are not at issue in this appeal.

3

We agree with the District Court's summary-judgment decision. To state a viable Eighth Amendment claim, Capozzi was required to show that the defendants were deliberately indifferent to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009).

As the District Court held, Capozzi's Eighth Amendment claim involves, at bottom, a dispute with his doctors over whether surgery is currently appropriate. The record reveals that, since Capozzi's initial surgery, medical providers have continually monitored Capozzi's condition; Capozzi has had frequent appointments with doctors, been prescribed medication to alleviate his symptoms, underwent numerous echocardiograms, and worn a Holter monitor for a 24-hour period. In June 2009, Dr. Mohammed Imam advised that surgery might be appropriate, but stated that Capozzi's case would have to be reviewed in further detail before any decisions were made. In October 2009, Dr. Azhar Aslam reported that "the risks of surgical repair of his condition would not be suitable considering his overall clinical stability." Subsequently, various medical providers have reiterated Dr. Aslam's conclusion.

While Capozzi believes that his condition requires surgical intervention, we have recognized that courts will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment[,] which remains a question of sound

4

professional judgment." Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal alterations, quotation marks omitted)). Therefore, the District Court properly granted summary judgment on this claim to the defendants. See generally Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (explaining that "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation (alteration, quotation marks omitted)).[2]

However, we conclude that the District Court erred in concluding that it would be futile for Capozzi to supplement his complaint to assert a retaliation claim. Under the Prison Litigation Reform Act, a prisoner must exhaust all "available" administrative remedies prior to bringing suit. 42 U.S.C. § 1997e(a); see generally Porter v. Nussle, 534 U.S. 516, 532 (2002). Here, the defendants acknowledge that administrative remedies were not available to Capozzi during his incarceration in the Fayette County Detention Center, which is where he was held at the time that he filed his motion to supplement. The District Court concluded that remedies were nevertheless available under § 1997e(a) because Capozzi was subsequently returned to federal custody, where his access to

---

[2] Capozzi disputes the assertion, which is included in a few of the medical reports, that he was able to exercise strenuously and do ten sets of 50 push-ups a day. That dispute, however, is not material to our resolution of Capozzi's Eighth Amendment claim. See generally Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009). Nor can Capozzi survive summary judgment by alleging, generally, that the defendants have "lied" about his condition. See Blair v. Scott Specialty Gases, 283 F.3d 595, 608 (3d Cir. 2002) ("conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment").

administrative relief was restored (and where he could have requested permission to file an untimely grievance, see 28 C.F.R. § 542.14(b)).

We are not persuaded that administrative remedies were available to Capozzi in these circumstances. Under the defendants' rationale, administrative remedies apparently were not available to Capozzi at the time that he filed, remained unavailable when the Magistrate Judge ruled on the motion to supplement, but then became available by the time that the District Court reviewed Capozzi's objections to the Magistrate Judge's order. This rule unnecessarily complicates the analysis to be performed by district courts. It would likewise place a prisoner like Capozzi in a quandary: he would be forced to choose between (a) waiting to vindicate what he believed to be a violation of his constitutional rights until, sometime in the unknown future,[3] he was transferred back to federal custody, or (b) filing a complaint that could be subject to dismissal when transfer did occur. See Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002) (stressing that exhaustion must be completed before the suit is filed).

The plain language of the PLRA — which, in referring to administrative remedies "as are available," suggests that prisoners must exhaust those remedies that exist at the time that they bring the action, cf. Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir. 2001) (en banc) (so construing 28 U.S.C. § 1915(g)) — does not require such uncertainty.

---

[3] It appears that Capozzi was previously held in Kentucky pending trial for more than 14 months.

Thus, in these unusual circumstances, we conclude that the District Court erred in denying leave to supplement on the ground that administrative remedies were available to Capozzi.[4]

Accordingly, we will affirm in part, vacate in part, and remand. Capozzi's motion for oral argument and appointment of counsel is denied.

---

[4] We express no opinion as to whether the retaliation claim is meritorious or whether the defendants might challenge the motion to supplement on other grounds.