**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1048
_____

FRANK DIPPOLITO,
Appellant

v.

UNITED STATES OF AMERICA; ERIC HOLDER, JR., Attorney General in his Capacity as Administrator of the Second Chance Act; HARLEY LAPPIN, Former FBOP Director in his Capacity as FBOP Director; CHARLES E. SAMUELS, JR., FBOP Director in his Capacity as FBOP Director; KATHLEEN KENNY, FBOP Asst. Director of General Counsel; MR. D. SCOTT DODRILL, Assistant Director of Correctional Programs, in his Capacity as Assistant Director of Correctional Programs; JOYCE CONLEY, FBOP Asst. Dir. of Correctional Programs; WARDEN DONNA ZICKEFOOSE, FCI Fort Dix; JANEL FITZGERALD, FCI Fort Dix; MR. HUTCHENS, Regional Safety Director, in his Capacity as Regional Safety Director; MR. HOLDEN, Safety Officer, in his Capacity as Safety Officer FCI Fort Dix N.J.; MR. G. LAWHORNE; JACQUILINE NICHOLS; ROBERT HAZELWOOD; MR. H. SUTHERLAND, FCI Fort Dix Assoc. Wardens; MIKE CARROLL, Unit Manager in his Capacity as Unit Manager 5852; MR. ROBINSON, Unit Manager in his Capacity as Unit Manager 5852; MR. BULLOCK, Case Manager in his Capacity as Case Manager; MR. HARWICK, Cook Supervisor as Unit Supervisor 5852; OFFICER YEOMAN, Tool Room Officer in his Capacity as FCI Officer; OFFICER DANIELS, in his Capacity as Compound Officer; MS. ALEXANDER, Case Manager in her Capacity as Case Manager; JOE NORWOOD, FBOP Northeast Regional Director; MR. HARRELL WATTS, Central Officer Administrator in his Capacity as Central Officer Administrator; MR. LEMYRE, Facilities Manager in his Capacity as Facilities Manager; OFFICER SMEYLK, Facilities Officer in his Capacity as Facilities Officer; LIEUTENANT ANDERSON, in his Capacity as Lieutenant; JOHN/JANE DOE 1; WARDEN JORDAN HOLLINGSWORTH, FCI Fort Dix; CHRISTINE Y. DYNAN; MR. THOMAS MCGLOUGHLIN, United States Inspector General for BOP; MR. DONAHUE, FCI Fort DIx, Unit 6 Case Manager Coordinator; MR. CROKER, Food Services Administrator, 5840 Kitchen; JAMES A. GONDLES, JR., Executive Director; AMERICAN CORRECTIONAL ASSOCIATION

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-13-cv-00175)
District Judge: Honorable Joel Schneider
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 4, 2017

Before: RESTREPO, SCIRICA and FISHER, Circuit Judges

(Opinion filed:  August 10, 2017)
_____

OPINION[*]
_____

PER CURIAM

Frank Dippolito appeals pro se from the District Court's order awarding summary

judgment in this Bivens action. We will affirm.

I.

Dippolito initiated this action in 2013 against the United States, the Bureau of

Prisons (BOP), the American Correctional Association (ACA), and 32 individual

Defendants—mostly officials from FCI Fort Dix—alleging that various conditions there

constituted cruel and unusual punishment, and that Defendants retaliated against him for

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

grieving these conditions.  Dippolito also asserted claims under the Federal Tort Claims

Act (FTCA) and the Racketeer Influenced Corrupt Organizations (RICO) Act.

In late 2015, the District Court, acting pursuant to Federal Rule of Civil Procedure

12(b)(6), dismissed Dippolito's Eighth Amendment claims with respect to 21 individual

Defendants—concluding that they lacked sufficient personal involvement—but permitted

him to proceed against 10 other defendants.  The Court also dismissed Dippolito's FTCA

and RICO claims, and dismissed all but two of his retaliation claims as time-barred.

A year later, the District Court awarded Defendants summary judgment on the

remaining Eighth Amendment and retaliation claims—the Eighth Amendment claims

because Dippolito failed to exhaust administrative remedies, and the retaliation claims

because he failed to establish that the claimed adverse action was causally related to his

filing of grievances.  This timely appeal ensued.

## II.

We have jurisdiction under 28 U.S.C. § 1291.  On appeal, Dippolito challenges

both orders of the District Court—orders over which we exercise plenary review.  See W.

Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 97 (3d Cir. 2010); Giles v.

Kearney, 571 F.3d 318, 322 (3d Cir. 2009).

First, we agree with the Appellees that Dippolito failed to properly exhaust his

administrative remedies for all of his Eighth Amendment claims.  The Prison Litigation

Reform Act (PLRA) requires that a prisoner exhaust available administrative remedies

3

before filing suit. 42 U.S.C. § 1997e(a). BOP regulations establish a four-stage process,[1] and a prisoner must proceed through each stage in order to satisfy the PLRA's pre-suit exhaustion requirement. See Booth v. Churner, 206 F.3d 289, 299 (3d Cir. 2000) (noting that plaintiff "did not take full advantage of the administrative procedures available to him" in failing to use steps two and three of the Pennsylvania Department of Corrections' grievance procedures).

Appellees argued below, in both their motion to dismiss and motion for summary judgment, that Dippolito failed to fully exhaust his administrative remedies for any of his Eighth Amendment claims because he never reached the final appeal stage.[2] In support of their motion for summary judgment, they provided a record of all administrative remedies Dippolito filed during the timeframe relevant to this action, showing that he did not fully exhaust any of these claims. Dippolito did not specifically argue otherwise below; indeed he did not respond at all to the motion for summary judgment. Thus he has failed to submit any credible evidence indicating that he had, in fact, fully exhausted any of his Eighth Amendment claims—evidence necessary to survive summary judgment. See Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006)

---

[1] First, the prisoner must attempt to informally resolve his complaint. 28 C.F.R. § 542.13(a). If that fails, then he must submit a written administrative remedy request on BOP Form BP-9 to the warden within 20 days of the incident in question. Id. at § 542.14(a). If still unsatisfied, he must appeal to the regional director (using Form BP-10), and then to the general counsel (Form BP-11). Id. at § 542.15. "Appeal to the General Counsel is the final administrative appeal." Id.

[2] Dippolito was incarcerated when he filed this action, and was thus required to exhaust available administrative remedies, even though he has since been released. See Ahmed v. Dragovich, 297 F.3d 201, 210 (3d Cir. 2002).

("[T]he non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings.").[3]

We also agree with the District Court that all but two of Dippolito's retaliation claims are time-barred. In New Jersey, the statute of limitations for a Bivens claim is two years, see Napier v. Thirty or More Unidentified Fed. Agents, Employees or Officers, 855 F.2d 1080, 1087 (3d Cir. 1988), and it starts to run "when the plaintiff knew or should have known of the injury upon which its action is based." Sameric Corp. of Del. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998). Dippolito filed this action on January 10, 2013, and the District Court properly dismissed, as time-barred, any claims premised on alleged retaliatory acts that occurred more than two years earlier. This leaves only his March 2011 claim that Unit Manager Bullock denied his bottom-bunk request, and his claim that Bullock failed to timely advise him that "his appeal" in a 28 U.S.C. § 2241 proceeding had been returned for insufficient postage.[4]

---

[3] Dippolito suggests on appeal that he had no available remedies to exhaust because some of his appeals were rejected for procedural reasons—because, for instance, he used an improper form or skipped a step in the four-tier review process. He is mistaken; proper exhaustion requires prisoners to comply with known procedural requirements. See Jones v. Bock, 549 U.S. 199, 218 (2007).

[4] Dippolito filed a 28 U.S.C. § 2241 petition in the District of New Jersey on November 28, 2011, essentially asking the district court to order the BOP to admit him into the Second Chance Act's reentry program. The district court dismissed this petition on November 1, 2012, and this Court's Clerk later dismissed his appeal (C.A. No. 12-4446) because he failed to file a brief. This Court denied his motion to reopen, in which he argued that he timely deposited his brief with prison authorities. Dippolito claims here that "Bullock held that returned piece of mail [the brief] for around a month, and when he finally gave it to plaintiff . . . it was too late to make the deadline for filing the appeal."

In March 2011, Bullock denied Dippolito's bottom-bunk request, and Dippolito claimed that he did so in retaliation for Dippolito's filing various grievances. Bullock, on the other hand, claimed that he denied Dippolito's request under a prison policy prohibiting bottom bunks for inmates who had been found responsible for any rules violation within the year preceding the request. In December 2010, Bullock had issued Dippolito a misconduct citation for being present in an unauthorized area, and Dippolito was later found responsible for this violation. The District Court ultimately concluded that Dippolito "cannot show that there was a causal link between his grievances" and the bottom-bunk denial because "Fort Dix had a policy that limited bottom bunks to inmates with demonstrated medical needs and inmates who had not received an incident report less than one year prior to requesting a bottom-bunk pass."

We agree. Because Dippolito has failed to show that Bullock issued the December 2010 citation—which was supported by ample evidence—for a reason "[un]related to legitimate penological interests," the District Court properly awarded summary judgment on this claim. See Watson v. Rozum, 834 F.3d 417, 426 (3d Cir. 2016).[5]

---

[5] In Watson, Watson asserted a retaliation claim after a corrections officer [CO] issued him a misconduct citation for possessing a broken radio. We concluded that the District Court improperly awarded summary judgment on causation grounds because the prisoner had put forth the following evidence: "The radio had allegedly been in the same condition for more than a year . . . . other inmates had radios with loose or broken antennas, but those items were not confiscated and the inmates did not receive a misconduct. Finally, [the CO] did not charge Watson with a misconduct when he confiscated the radio." Id. Dippolito has put forth no such evidence here, and the violation for which he was charged was otherwise supported by ample evidence.

Finally, Dippolito has waived any challenge to the District Court's resolution of his mail-interference claim by failing to meaningfully address this claim on appeal, or identify any error committed by the District Court. See John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp., 119 F.3d 1070, 1076 n.6 (3d Cir. 1997).

Accordingly, we will affirm the judgment of the District Court.[6]

---

[6] The District Court properly dismissed Dippolito's FTCA claim because he premised it solely on putative Eighth Amendment violations. See FDIC. v. Meyer, 510 U.S. 471, 477 (1994) ("[A] constitutional tort claim is not 'cognizable' under [the FTCA]."). Dippolito mistakenly argues on appeal that "[t]he FTCA is [] an appropriate remedy . . . for constitutional torts." The Court also properly dismissed his RICO claim because he failed to adequately allege that he "suffered an injury to business or property," as he must do to state a viable claim. See Maio v. Aetna, Inc., 221 F.3d 472, 483 (3d Cir. 2000). Dippolito argued, in opposition to Defendants' motion to dismiss, that he had "a vested property interest in the conditions at the institution itself," and incorporates this argument by reference on appeal. But RICO's injury requirement has been interpreted more narrowly to "require[] proof of concrete financial loss, and not mere 'injury to a valuable intangible property interest.'" Steele v. Hosp. Corp. of Am., 36 F.3d 69, 70 (9th Cir. 1994) (quoting Berg v. First State Ins. Co., 915 F.2d 460, 464 (9th Cir. 1990)).