**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2355
_____

MAURICE RICHARDSON,
                                        Appellant

v.

DAVID ORTIZ, Former Warden;
MR. CASSANO, Health Services;
KYLE ENGLERT, Correctional Officer;
MR. HYNECHINSKI, Chief Health Administrator,
All Defendants sued Individually and on their Official capacities
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1:22-cv-05682)
District Judge: Honorable Robert B. Kugler
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on December 27, 2023

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: February 29, 2024)
_____

—————————

OPINION[*]

—————————

PER CURIAM

Maurice Richardson, a federal prisoner at F.C.I. Fort Dix, appeals from an order of the United States District Court for the District of New Jersey, dismissing his Bivens action. We will affirm.

On September 17, 2018, Richardson filed a habeas corpus petition under 28 U.S.C. § 2241. Richardson v. Ortiz, No. 18-13939, 2019 WL 2121365 (D.N.J. May 15, 2019). Broadly construed, the petition alleged that Richardson had been improperly dismissed from his prison job as a medical orderly after being falsely accused of stealing medical supplies. Id. The medical supplies had been found during a search of Richardson's cell, during which Richardson was injured. Id. The District Court dismissed the petition because it concluded that Richardson should have brought the complaint as a Bivens action. Id.

On September 22, 2022, Richardson filed a Bivens action, which focused solely on the injury he sustained during the search of his cell. DC ECF 1. The District Court screened the complaint under 28 U.S.C. § 1915A and dismissed it as time-barred, but granted him leave to submit a proposed amended complaint which corrected the deficiencies noted in the opinion. DC ECF 9. In response, Richardson filed a motion to amend his

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

complaint, arguing that his claims related back under Federal Rule of Civil Procedure 15(c) to his 2018 habeas petition. DC ECF 10, citing Richardson v. Ortiz, No. 18-13939, 2019 WL 2121365 (D.N.J. May 15, 2019) and Fed. R. Civ. P. 15(c). The Court found Richardson's arguments unpersuasive, dismissed the amended complaint as time barred, and denied him further leave to amend because of the untimeliness of his complaint. DC ECF 11. This appeal followed. DC ECF 13.

We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review of an order dismissing a pleading under § 1915A. See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020). The denial of leave to amend a pleading, meanwhile, is reviewed for abuse of discretion. See U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P., 769 F.3d 837, 849 (3d Cir. 2014).

Richardson's complaint was properly dismissed as time-barred. The statute of limitations for a Bivens action is determined by looking to the forum state's statute of limitations for personal injury claims. See Wilson v. Garcia, 471 U.S. 261, 279 (1985). In New Jersey, the statute of limitations for personal injury actions is two years. See N.J. Stat. Ann. § 2A:14-2. A Bivens claim accrues when the plaintiff knows or has reason to know of the injury which prompts the complaint. See Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). The events described in Richardson's 2022 complaint occurred in 2017, placing it three years beyond the statute of limitations. DC ECF 10.

Richardson concedes as much but argues that his complaint is not untimely because it relates back to the events underlying his prior habeas petition. CA ECF 10, citing Fed. R. Civ. P. 15(c). Richardson misunderstands Fed. R. Civ. P. 15(c), which concerns

3

the amendment of pending complaints. Given that the habeas action was dismissed in 2019, there is nothing for Richardson to amend. See Ahmed v. Dragovich, 297 F.3d 201, 208-09 (3d Cir. 2002); see also 6 Fed. Prac. & Proc. Civ. § 1489 (3d ed.).[1]

Accordingly, we will affirm the judgment of the District Court.[2]

---

[1] Even assuming arguendo that the statute of limitations was tolled by the pendency of his habeas petition, Richardson's complaint was nevertheless untimely because he filed it more than three years after his petition was dismissed.

[2] We agree that further amendment would be futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).